F. Douglas Cochrane & others *vs.* Allan Forbes & others, trustees, & others.

Suffolk.     October 19, 1928. — November 28, 1928.

Present: Crosby, Pierce, Carroll, Wait, & Sanderson, JJ.

*Equity Pleading and Practice,* Parties, Bill, Amendment, Supplemental bill. *Trust,* Individual liability of trustee.

A bill in equity named as defendants seven men, giving the residence of each, and describing them as trustees under a certain declaration of trust, which did not constitute the trustees a voluntary association under G. L. c. 223, § 40, but in terms provided that "No obligation of the trustees or any of them as such shall bind the trustees or any of them as such or individually beyond the extent of the trust assets." The bill was brought under G. L. c. 214, § 3, cl. 7, and sought to establish a claim for recovery of money alleged to have been paid by the plaintiff to the trustees for petroleum which was not delivered to him under the provisions of a contract in writing, and to reach and apply in payment of a debt thus to be established certain shares of stock held by the defendants. Upon a report to this court by a judge who heard the suit, decrees favorable to the plaintiff were ordered. Before decrees in accordance with the rescript were entered, the Superior Court permitted the plaintiff, without further process, to amend the bill seeking relief against the defendants in their private capacity. An answer in abatement in the nature of a plea to the jurisdiction was filed and was overruled. Upon appeal by the defendants and a report by the judge of the Superior Court, it was *held,* that

(1) The defendants in the original bill, sued in their official capacity, in legal intendment were not the same persons when sued in their private capacity under the amended bill;

(2) In the absence of service upon the defendants in their private capacity, the court was without jurisdiction to determine the issues raised at the hearing which affected the defendants as individuals;

(3) The answer in abatement should have been sustained, and the bill of complaint as amended should have been dismissed as to the defendants individually.

Bill in equity, filed in the Superior Court on June 30, 1922, and afterwards amended, for the establishment of a claim against trustees acting under the name Boston Mexican Petroleum Trustees, and to reach and apply in payment thereof shares of a corporation owned by them. The

description of the defendants in the bill is set out in the opinion.

The suit previously was before this court upon a report after a hearing by *Hammond*, J., and a decision was rendered which is reported in 257 Mass. 135.

Proceedings in the Superior Court after rescript from this court are described in the opinion. The motion by the plaintiffs to amend their bill was allowed, and the motion by the defendants to dismiss that motion by the plaintiffs was denied after hearing by *Morton*, J., and the defendants appealed. The demurrer to the bill as amended was overruled after hearing by *Cox*, J., and the defendants appealed. The suit then was heard upon the answer in abatement to the amended bill and upon the answer to its merits by *Weed*, J., who reported the suit upon the facts found by him for determination by this court.

*J. Noble*, (*A. P. Loring & S. Vaughan* with him,) for the plaintiffs.

*E. F. McClennen*, for the defendants.

PIERCE, J. This case, after rescript filed October 19, 1926, and before an interlocutory decree was entered as ordered by said rescript on December 24, 1926, came before a judge of the Superior Court on the plaintiffs' motion filed November 24, 1926, to amend their bill of complaint by alleging in a new paragraph to be numbered 24 supplemental facts to the effect "that the assets of the trust are insufficient to satisfy the amount they are entitled to recover under the decision of the Supreme Judicial Court in this case," (*Cochrane* v. *Forbes*, 257 Mass. 135, 153); and on the plaintiffs' further motion to add to the bill of complaint the prayer which follows: "The plaintiffs further pray that the amounts of the trust properties paid out and used for purposes that were unauthorized and outside the scope of the trust be determined and established and the defendants be required to restore the same to the trust funds to such extent as to render the trust funds sufficient to pay the amounts due to the plaintiffs with interest; that said defendants be ordered to pay to the plaintiffs the sums so due, with interest, and in default of payment within such time as may be fixed

in the final decree that execution may issue against the defendants and each of them."

On November 27, 1926, the defendant Boston Mexican Petroleum Trustees filed a motion that the motion of the plaintiffs to amend be dismissed for want of jurisdiction, and, in the alternative, without waiving this motion, that said motion to amend be denied, and both for causes which are set out at length in the report. This motion of the defendant was denied on December 24, and on December 27, 1926, the defendant appealed.

On December 29, 1926, the defendant Boston Mexican Petroleum Trustees filed an answer in abatement to the bill of complaint as amended, as follows: "Now the defendant Boston Mexican Petroleum Trustees says that as appears from the return upon the subpoena in this case no service of process has ever been made upon the said Trustees or any of them as individuals, and that they have never been apprised that this suit was against them as individuals, and they have never appeared as individuals therein, and have never authorized any one to appear for them as individuals therein, and that Edward F. McClennen was duly authorized to appear for Boston Mexican Petroleum Trustees but has never been authorized to appear for any of said Trustees individually. Wherefore the bill of complaint as amended should be dismissed as to them individually." On December 29, 1926, the defendant Boston Mexican Petroleum Trustees filed a demurrer to the bill of complaint as amended, and assigned as causes therefor (1) "The allegations of paragraph 24 added by amendment and of prayer 6 added by amendment are not germane to the bill of complaint or the cause for which said bill of complaint was brought"; (2) "By reason of the addition of paragraph 24 and prayer 6, the bill of complaint is multifarious"; and (3) "Said amendment is not within the matters left for hearing in the Superior Court by the rescript of the Supreme Judicial Court." On January 17, 1927, this demurrer was overruled by an interlocutory decree and the defendant Boston Mexican Petroleum Trustees duly appealed from the order for a decree and from the decree overruling the demurrer.

Upon the answer in abatement a judge of the Superior Court found that the only service of the subpoena upon the individual defendants was made upon "Kenneth H. Lewis, as he is a member of the Boston Mexican Petroleum Trustees"; that thereafter the attorney who was, at the time the bill of complaint was filed, attorney for the organization known as the Boston Mexican Petroleum Trustees appeared generally for the defendants, the trustees as a body having authorized him to appear in defence of the case as originally brought; that said attorney was not then expressly authorized, nor has he since been expressly authorized, to appear for any one of the persons named as defendants as individuals; that no other appearance of counsel in behalf of them or of any of them as individuals has been entered; that the defendant Munson is not a resident of Massachusetts, and, unless as above stated, has no tenant, agent or attorney therein; and that, unless as above set forth, the said individual defendants have not been apprised that this suit was against them as individuals.

Upon the assumption that the answer in abatement is in the nature of a plea to the jurisdiction with respect to the matters set forth in the amendment to the bill, and deeming the questions raised thereby were settled for the purposes of this suit by the rulings made upon the defendant's motion to dismiss or to deny the plaintiffs' motion to amend their bill, and upon the demurrer filed December 29, 1926, the judge entered an interlocutory decree overruling the answer in abatement on February 18, 1928. From this decree the defendant Boston Mexican Petroleum Trustees appealed on February 23, 1928.

The defendant Boston Mexican Petroleum Trustees duly requested the judge of the Superior Court to rule that "Those defendants who have not been served with process and have not appeared in this suit in their individual capacity in person or by attorney should not in this suit be held liable out of their individual assets." The ruling was denied and the defendant duly excepted. The issues presented by the motion to dismiss, by the answer in abatement, by the decree

overruling the demurrer, and by the exceptions to the refusal to rule as requested, are before this court on a report from the Superior Court.

The bill of complaint in the suit entitled F. Douglas Cochrane et al. *v*. Allan Forbes et al. was filed in the Superior Court on June 30, 1922, and the decision of this court upon issues of law which arose during the trial of that case is reported in 257 Mass. 135. The suit was to recover money alleged to have been paid by the plaintiffs to the Boston Mexican Petroleum Trustees, called in the decision the defendants, for petroleum which was not delivered to them, and incidentally to reach and apply certain stocks held by the defendants. More particularly the bill of complaint describes the defendants as follows: "Allan Forbes of Westwood, in said County of Norfolk; Elton Clark of Framingham, in the County of Middlesex; Joshua Crane of said Westwood; Robert H. Munson of York, in the State of Maine; Philip W. Wrenn of Dedham, in said County of Norfolk; Kenneth H. Lewis of said Boston, and Reginald C. Heath of Brookline, in said County of Norfolk, as 'Boston Mexican Petroleum Trustees' under an instrument entitled 'Declaration of Trust,' dated May 20th, 1919; Boston Mexican Leasing Company, a corporation organized under the laws of Maine and having a usual place of business at said Boston; Boston Mexican Petroleum Company, a corporation organized under the laws of Maine and having a usual place of business at said Boston, and Boston Mexican Purchasing Company, a corporation organized under the laws of Maine, and having a usual place of business at said Boston." The original bill prays, in substance, (1) that the alleged indebtedness of the trustees to the plaintiffs may be established; (2) that the shares of the capital stock of the defendants Boston Mexican Leasing Company, Boston Mexican Petroleum Company and Boston Mexican Purchasing Company, held or owned by the defendant trustees, "may be . . . taken and applied under the direction of this Court to the satisfaction of the plaintiffs' claim." Prayers numbered 3, 4 and 5 seek an injunction against the trustees and the other

defendants to restrain the destruction or impairment in any way of the stock as sought to be applied in satisfaction of the plaintiffs' claim and for general relief.

It is obvious that the bill is one under G. L. c. 214, § 3, cl. 7, and that it has for its purpose the establishment of the indebtedness of the trustees to the plaintiffs, and the acquisition of an equitable lien upon the right of the trustees, as such, to the shares of stock of the corporations named as defendants in the bill of complaint. The bill in essence is an action at common law to which is joined under the statute a supplemental suit in equity. *Stockbridge* v. *Mixer*, 215 Mass. 415, 418; *S.C.* 227 Mass. 501, 510. Before the statute of this Commonwealth gave the right, a suit "to reach and apply" was unknown to general equity jurisprudence. *Carver* v. *Peck*, 131 Mass. 291. *Ager* v. *Murray*, 105 U. S. 126. The principal defendant in a suit under G. L. c. 214, § 3, cl. 7, has a right to a trial by jury if it is seasonably demanded. *Powers* v. *Raymond*, 137 Mass. 483. *Merchants' National Bank* v. *Moulton*, 143 Mass. 543. In the suit now pending the trustees, as such, and each of the trustees, if individually made defendants, had a right if seasonably demanded to a trial by jury.

The contention of the plaintiffs that the trust agreement under which the defendants are trustees is not a voluntary association under G. L. c. 223, § 40, either *inter sese* or with the beneficiaries, was accepted as a true statement of the law applicable to the facts of this case by the defendants at the argument before this court. This position of the plaintiffs was required by *Bouchard* v. *First People's Trust*, 253 Mass. 351, 355, 361. *Crocker* v. *Malley*, 249 U. S. 223, 234. The certificate holders are not associated together; their position is that of beneficiaries of a trust. They are defined in the declaration of trust thus: "The *cestuis que trust* shall be those who become such in the manner hereinafter stated and they shall be trust beneficiaries only, and to the extent hereinafter defined only, and not partners or associates or in any other relation whatever between themselves with respect to the trust property." The declaration of

trust contains this article: "*Article XII. Limit of Trustees' Liability.* No obligation of the trustees or any of them as such shall bind the trustees or any of them as such or individually beyond the extent of the trust assets, and any judgment obtained against any of the trustees for anything connected with the trust shall be deemed fully satisfied on the application to it of such trust assets as are available therefor, having regard to the claims of other creditors of the trust and anyone contracting with the trustees, or any of them, by so doing agrees not to enforce any contract, except to the extent provided in this article, and no contract shall be binding on the trustees or any of them unless it contains this article or incorporates the same by express reference and the trustees and each of them shall be entitled to indemnification from the trust assets against any claims against any or all of the trustees as such or individually concerning matters growing out of the action of any of them as trustees, whether well founded or not."

The amendment to the bill, paragraph 24, and the new prayer of the bill, numbered 6, seek to hold the trustees individually to restore to the trust moneys distributed or invested without authority and only to such extent as to render the trust funds sufficient to pay the amount due to the plaintiffs with interest. By this amendment the bill is radically changed from an action at law with incidental relief in equity into a bill for an accounting between the trustees and the *cestuis que trust* to the limited extent prayed for in the amended bill. An accounting between trustees and *cestuis que trust* is cognizable in a court of general equity jurisdiction. We do not decide whether such a limited accounting can be had under G. L. c. 214, § 3, cl. 7. The immediate effect of the allowance of the amendments was to bring into the suit the trustees in their individual capacity to show cause why their individual property should not be held by the court to be a trust fund to the extent of the indebtedness of the trust to the plaintiffs. The trustees in their individual capacity could not be made parties defendant to the bill or to the amended bill without service of process. The defend-

ants in the original bill, sued in their official capacity, in legal intendment are not the same persons when sued in their private capacity under the amended bill. In the absence of service upon them in their private capacity the court was without jurisdiction to determine the issues raised at the hearing which affected the defendants as individuals. *Hanzes* v. *Flavio*, 234 Mass. 320, 327. *Eaton* v. *Walker*, 244 Mass. 23, 31.

Upon the facts found at the hearing on the answer in abatement the answer should have been sustained, and the bill of complaint as amended should have been dismissed as to the defendants individually.

*Bill dismissed as to the individual defendants, with costs.*