F. Douglas Cochrane & others *vs.* Allan Forbes & others, trustees, & others.

Suffolk.  April 4, 5, 1929. — May 31, 1929.

Present: Rugg, C.J., Crosby, Pierce, Wait, & Sanderson, JJ.

*Interest. Equity Pleading and Practice,* Decree, Report. *Damages,* Liquidated.

Neither a decision by this court in a suit in equity reported for determination of the propriety of an interlocutory decree which laid down certain principles for the adjustment of the rights of the parties but did not fix an amount to be paid by the defendant to the plaintiff nor raise the question of the amount of interest to be paid, if any, nor a later decision, when the suit again was reported for determination by this court of the propriety of an interlocutory decree awarding a certain sum and interest and other questions were passed upon but the question of interest was not discussed by the court and no reference was made to it in the opinion, constituted a decision by this court that no interest was to be allowed.

Liquidated damages with reference to a claim for interest in a suit in equity based on an application of the rule that, where damages are liquidated, interest runs from the date of a demand, mean damages, agreed upon as to amount by the parties, or fixed by operation of law, or under the correct applicable principles of law made certain in amount by the terms of a contract, or susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in the possession or knowledge of the party to be charged; unliquidated damages are those which cannot thus be made certain by one of the parties alone.  Per Rugg, C.J.

In a suit in equity to enforce repayment, after demand by the plaintiff, of sums of money paid to the defendant for oil to be delivered to the plaintiff under the terms of a contract in writing where the defendant had not delivered the oil, damages as a matter of law were liquidated, and the plaintiff was entitled to interest from the date of demand for repayment.

In the suit above described, which twice previously had been before this court, it was *held,* that the circumstance that, at the time of the demand by the plaintiff upon the defendant, the principles of law governing the rights of the parties in view of somewhat complicated facts had not been declared, did not prevent the claim from being liquidated.

Bill in equity, filed in the Superior Court on June 30, 1922, and afterwards amended, for the establishment of a

claim against trustees acting under the name Boston Mexican Petroleum Trustees for sums paid by the plaintiffs to the defendants under a contract in writing for oil which the defendants never delivered to the plaintiffs, and to reach and apply in payment thereof shares of a corporation owned by them.

The suit previously was before this court upon a report after a hearing by *Hammond*, J., when a decision was rendered which is reported in 257 Mass. 135; and upon appeals by the defendants from certain orders by *Morton*, J. and *Cox*, J., and a report by *Weed*, J., when a decision was rendered which is reported in 265 Mass. 249.

After rescript on January 30, 1929, and by order of *Weed*, J., an interlocutory decree was entered "that the interlocutory decree entered on April 13, 1925, is hereby modified as hereinafter set forth; that the contracts set out in the bill of complaint are terminated; that in so far as payments have been made thereunder at the contract price for oil delivered there is to be no further accounting; that the plaintiffs recover from the defendants the amounts paid for oil not delivered, after deducting the sum paid the plaintiffs as shareholders with money received for oil not delivered, to wit: that the plaintiffs recover from the defendants the sum of $212,927.09 with interest from December 15, 1920; and that the question whether or not the defendants are personally liable for any sum in excess of the trust property is left undecided." On the same day, by the judge's order, an interlocutory decree was entered dismissing the bill as to the defendants individually. The Boston Mexican Petroleum Trustees appealed "from that portion of the decree entered on or about January 30, 1929, whereby it is adjudged that the plaintiffs should recover interest from December 15, 1920." The judge thereupon reported the suit to this court under G. L. c. 214, § 30, for determination of the question, whether the interlocutory decree of January 30, 1929, "should have included interest from December 15, 1920."

*E. F. McClennen*, for the defendants.

*J. Noble*, (*C. P. Bartlett* with him,) for the plaintiffs.

RUGG, C.J.    This case was before us in 257 Mass. 135, and also in 265 Mass. 249.    It now is presented by report on the correctness of a clause touching interest in an interlocutory decree entered on January 30, 1929, whereby the defendants were ordered to pay a specified sum "with interest from December 15, 1920." Other matters included in this interlocutory decree are not reported.    The case first was here on report as to the correctness of an interlocutory decree. That decree did not specify any sum of money to be paid by the defendants to the plaintiffs; it laid down some general principles for the adjustment of the rights of the parties; it contained no reference to interest.    Hence that subject was not presented to this court at that time.    The opinion on that report directed that modifications be made in the interlocutory decree and laid down general principles of law by which the sum to be paid by the defendants to the plaintiffs ought to be ascertained, but no computations were made and no sum specified.    That was left to be determined in the future.    The Superior Court had not by its report sought any direction and it received no instruction respecting interest. That court was left free by that opinion to deal according to law with the subject of interest if and when it should arise. Doubtless it would have been within the power of this court to have made a determination about interest at that time. In these circumstances it cannot be regarded as having been decided at that time that no interest was to be allowed simply because nothing was said about it.    That subject was left open.    *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 344.    *Kennedy* v. *Commissioner of Corporations & Taxation*, 256 Mass. 426, 431.

When the time came for entering a decree establishing the amount of the precise damages due from the defendants to the plaintiffs, it was the duty of the Superior Court to make such adjudication respecting interest as law and justice required.    *Day* v. *Mills*, 213 Mass. 585.

The case came before us the second time on a report wherein among numerous other matters it was recited that

after the first rescript from this court the bill was amended and that the case was heard upon the decree to be entered pursuant to the rescript. It is manifest from the opinion in 265 Mass. 249, that several questions of difficulty were presented on this second report. The interlocutory decree there reported ordered the payment of interest. The question of interest was not discussed by the court and no reference is made to it in the opinion. That was not a decision that no interest was to be allowed or that the interlocutory decree was erroneous in providing for interest.

Without pausing to consider the contentions of the plaintiffs as to the effect of silence at that time upon the point, we consider on its merits the question of allowance of interest now reported. It has been stated to be the settled rule of this Commonwealth that in a claim for unliquidated damages interest runs from the date of the writ and not from the date of demand for payment. *McGrimley* v. *Hill*, 232 Mass. 462, 464. *Childs* v. *Krey*, 199 Mass. 352, 358. That principle in its broad aspect is not of universal application because there are numerous instances where interest may be added from the date when damages may be due, in order that reparation may be done for the full injury sustained. *Frazer* v. *Bigelow Carpet Co.* 141 Mass. 126. It is not necessary to consider the doctrine of this case because we are of opinion that the damages here in issue were liquidated and that interest ran from the date of the demand. Liquidated damages with reference to the facts here disclosed mean damages, agreed upon as to amount by the parties, or fixed by operation of law, or under the correct applicable principles of law made certain in amount by the terms of the contract, or susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in the possession or knowledge of the party to be charged. Unliquidated damages are those which cannot thus be made certain by one of the parties alone. *Roberts* v. *Prior*, 20 Ga. 561, 562. *Chicago, Milwaukee & St. Paul Railway* v. *Clark*, 178 U. S. 353, 372. *Canda* v. *Canda*, 92 N. J. Eq. 423, 426. *Van Raalte Co.* v. *Solof Brothers Co.* 89 W. Va. 66, 68. *Western Lumber Co.* v.

*Chicago, Rock Island & Gulf Railway,* 180 S. W. Rep. 644,
646. *Northwestern Mutual Life Ins. Co.* v. *Hanger,* 200 Ky.
118, 123, 124. *Waterman-Waterbury Co.* v. *School District
No. 4,* 183 Mich. 168, 176. *Norwich Pharmacal Co.* v. *Bar-
rett,* 205 App. Div. (N. Y.) 749, 752, 753. *Sanborn-Cutting
Co.* v. *Butler,* 91 Ore. 619, 624. *Workman, Clark & Co. Ltd.*
v. *Brazileño,* [1908] 1 K. B. 968, 981. *Wright* v. *Tacoma,* 87
Wash. 334, 353. *Laughlin* v. *Hopkinson,* 292 Ill. 80, 86.
*Lower* v. *Shorthill,* 103 Kans. 904.

In our opinion the damages in the case at bar were liqui-
dated within the principle thus stated. *Ford* v. *Tirrell,* 9
Gray, 401. The defendants must have known how much
had been paid them by the plaintiffs for oil not delivered and
also how much of the money so paid had been paid to the
plaintiffs in way of profits. The several factors for determin-
ing the amount due to the plaintiffs were known to the de-
fendants at the time the demand was made on them. The
circumstance that, at the time of the demand by the plaintiffs
upon the defendants, the principles of law governing the
rights of the parties in view of the somewhat complicated
facts had not been declared, does not prevent the claim from
being liquidated. *Wheaton Building & Lumber Co.* v. *Boston,*
204 Mass. 218, 226. *Reggio* v. *Warren,* 207 Mass. 525, 533.
*Byfield* v. *Newton,* 247 Mass. 46, 59. The case in this par-
ticular stands on a footing no different from an action on a
promissory note or other interest bearing contract defended
because of some alleged illegality or informality not ulti-
mately sustained.

It was stated in 257 Mass., at page 152, as a recital of a
fact found: "The plaintiffs, in December, 1920, made de-
mand for return of the money paid for oil not delivered."
That finding was also made at page 21 of the record before
the court in 265 Mass. 249. Under the familiar rule these
findings of fact must stand. Since the demand was made for
payment of a liquidated claim, interest from the date of de-
mand was allowed rightly in the interlocutory decree. *Ford*
v. *Tirrell,* 9 Gray, 401. *Dodge* v. *Perkins,* 9 Pick. 368, 388.
*Goff* v. *Rehoboth,* 2 Cush. 475, 479. *Barnard* v. *Bartholomew,*

22 Pick. 291, 294. *Wilson* v. *Mitchell-Woodbury Co.* 214 Mass. 514, 519. *Thomas* v. *Wells,* 140 Mass. 517, 521. See *New York Bank Note Co.* v. *Kidder Press Manuf. Co.* 192 Mass. 391, 406.

> *Interlocutory decree affirmed as to the allowance of interest.*