ROSE RIFKIN *v.* SAMUEL I. SAFENOVITZ.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 11—decided November 30, 1944.

· *Arthur F. Libby,* with whom, on the brief, was *Samuel I. Safenovitz,* for the appellant (defendant).

*David M. Rosen,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff brought this action to recover from the defendant a sum amounting to about $3500, claimed to be due under the terms of a receipt signed by the defendant, a copy of which was annexed to the complaint.   It acknowledged that the defendant had received from the Ace Woolen Company $3675 "to be held in escrow" upon the terms stated in it; it recited that, "whereas" the company had been awarded a government contract for the manufacture of woolen textiles and "whereas Irving N. Rifkin is to render services to the Ace Woolen Company," the defendant agreed to pay Rifkin a sum equal to 3 per cent of the value of textiles accepted by the United States government under the contract for their manufacture, subject to certain deductions; and that, if Rifkin was in-

ducted into the military service, then the money would be paid to his wife, the plaintiff, "under the same terms and conditions as hereinabove provided"; but that in no circumstances should the sum paid to either Rifkin or his wife exceed "the total sum of the amount deposited in escrow" with the defendant.

The plaintiff filed a motion for a summary judgment, with affidavit; the defendant filed an affidavit of defense, which on motion was stricken out; and judgment was rendered for the plaintiff. For a reason which will appear, we do not need to do more than note these proceedings, beyond this: The trial court has found that, upon a hearing on the motion to strike out the affidavit of the defendant, he admitted that the goods had been accepted by the government and the company had been paid for them. On the defendant's motion, the judgment was opened because of a defect in the plaintiff's affidavit. She filed another affidavit in proper form. Thereafter the defendant filed an affidavit setting up several defenses. One was that he was a mere stakeholder, that he had been notified by the company not to pay any of the money to Rifkin, who had not then entered military service, because of his failure to perform services "in accordance with the agreement," that the defendant was ready to pay the money to the person entitled to it and that he had filed the motion and cross-complaint referred to below; and another defense was that "the plaintiff did not render services as required" and that there was a failure of consideration. On the same day on which the defendant filed the affidavit, he also filed a motion that the company be cited in as a defendant and ordered to interplead with the plaintiff under a cross-complaint which was also filed. The cross-complaint alleged that the defendant was a mere stakeholder and that the company claimed the money on the

ground that there had been a failure of consideration, and it prayed judgment that the plaintiff and the company be ordered to interplead. No action was taken by the court with reference to the motion. The plaintiff moved to strike out the affidavit of defense substantially upon the ground that under the terms of the receipt the money was due the plaintiff upon the acceptance of the textiles by the United States government and that the defendant could not claim a lack of consideration. The trial court granted this motion and struck out the affidavit as frivolous and made only for purposes of delay.

The defendant claims that the nature of this action is such that it does not fall within the provisions of § 52 of the Practice Book, which authorizes summary judgments. Whether or not the deposit of money constituted technically an escrow, the right claimed by the plaintiff was based upon the agreement by the defendant to pay the money to her or her husband should certain conditions be met; it lay within the field of contract law; *Johnson* v. *Wallden,* 342 Ill. 201, 206, 173 N. E. 790; *Los Angeles High School District* v. *Quinn,* 195 Cal. 377, 383, 234 Pac. 313; and, if it be assumed that the parties to the underlying contract were the company and the defendant, the plaintiff, in seeking to enforce it as a third party beneficiary, would still be asserting a contract right. *Byram Lumber & Supply Co.* v. *Page,* 109 Conn. 256, 259, 146 Atl. 293. The amount claimed to be due is a liquidated sum within the section, for it is "susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in the possession or knowledge of the party to be charged." *Cochrane* v. *Forbes,* 267 Mass. 417, 420, 166 N. E. 752; *Norwood Morris Plan Co.* v. *McCarthy,* 295 Mass. 597, 602, 4 N. E. (2d) 450, 107 A. L. R. 1215, and note, 1221. The

action is one to recover a "liquidated demand in money" arising on a "contract" within the provisions of the section.

The ground upon which the trial court struck out the affidavit of defense as frivolous and made for the purposes of delay was clearly that, under the terms of the receipt, the plaintiff was entitled to recover upon the defendant's admission that the goods manufactured by the company under the contract had been "approved and accepted" by the government and that no issue as to any failure of the plaintiff or her husband to render services to the woolen company was open to litigation. If the receipt be given a literal construction, that would appear to be so. But if in fact it was the understanding of the parties that the plaintiff or her husband was to render services to the company and that the money delivered to the defendant was to be in payment for such services, and if there was a complete failure on the part of the plaintiff or her husband to render services, it would be a travesty of justice to permit the plaintiff to recover. Conditions upon which the right to require performance of a contract obligation depends may often be implied where not to do so would defeat the clear intention of the parties and the object of the contract. Restatement, 1 Contracts, § 258; 3 Williston, Contracts (Rev. Ed.), p. 1925. Of an agreement before us in *Rockwell* v. *New Departure Mfg. Co.,* 102 Conn. 255, 286, 128 Atl. 302, we said: "The contract is in some particulars inartificially drawn. It obviously does not express the intention of both parties as to at least one of the obligations of plaintiff and one of the defendant, which both parties intended to be a part of the contract. Wherever one party to a contract enters upon the performance of an express obligation imposed upon him by a contract, the law implies a corresponding ob-

ligation on the part of the other party to the contract which reasonable men would understand must have been intended to be included." See also *Leventhal* v. *Stratford,* 121 Conn. 290, 295, 184 Atl. 587. The trial court could not properly hold that, upon a full inquiry into the surrounding circumstances, including particularly any underlying agreement between Rifkin and the company, it could not be found that there was an obligation upon the plaintiff and her husband to perform services for the company and that their failure to do so would defeat the plaintiff's right to recover in this action. Certainly it could not hold that, if the company had instructed the defendant not to pay the money to the plaintiff because of the breach of such an obligation, as is alleged in the affidavit of defense, its demand upon him was so without substance that he should be denied the protection of a judgment rendered upon an interpleader between the plaintiff and the company. The affidavit of defense should not have been stricken out and the defendant's motion to cite in the company and for a judgment that they interplead should have been determined.

There is error, the judgment is set aside and the case is remanded to be proceeded with in conformity to law.

In this opinion the other judges concurred.