MANCHESTER MEMORIAL HOSPITAL *v.* NORMAN E. WHITNEY ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 12-6810-2620

Argued August 4—decided October 10, 1969

*Norman E. Whitney,* of Andover, for the appellants (defendants).

*Arnold H. Klau,* of Hartford, for the appellee (plaintiff).

DEARINGTON, J. The complaint alleged that between December 15 and 19, 1967, the plaintiff ren-

dered hospital services to Edward Whitney, son of the defendants, for which services the defendants were liable under the statute, and that they have refused to pay for the services. The defendants in their answer admitted liability and by way of a counterclaim alleged that their refusal to pay the bill was because the bill contained a statement to the effect that it was not to be used for insurance purposes. They further alleged that the plaintiff engaged the services of the Federal Collection Bureau of Manchester, and they claimed that the bureau has in its files an adverse remark about the named defendant which arose over the debt in question, which remark "has caused the defendant great personal travail, impaired the defendant's much valued credit rating, and generally brought disrepute to a decent citizen," for which the defendants sought damages. The plaintiff has generally denied the allegations of the counterclaim and by way of a special defense alleged that the communications between the plaintiff and the credit bureau were true, given in good faith and privileged under the circumstances of collecting a debt; to this special defense the defendant has answered, claiming that the communication was made in bad faith.

The plaintiff filed a motion for summary judgment, and the defendants filed an affidavit in objection, setting forth the same matters as in their counterclaim and adding "that justice should permit the pending hearing to include both plaintiff's claim and defendant's counterclaim." Because both the opposing affidavit and the counterclaim generally contain similar allegations, the case is reviewed on the basis of the counterclaim. In short, the correctness of the ruling on the counterclaim becomes decisive of the ruling on the motion for summary judgment. 41 Am. Jur., Pleading, § 343. The court found the issues for the plaintiff and granted its

motion for summary judgment, from which action the defendants appealed. They requested a finding.

In its finding, the court found that the defendants admitted that the debt was due and owing to the plaintiff, and in the opinion of the court there was no genuine issue of any material fact existing and the plaintiff was entitled to summary judgment. The defendants have assigned error, claiming that the conclusion reached by the court was not supported by the finding in that "[1] Justification therefore as is specified by the phrase 'the moving party may have final judgment forthwith for so much of his claim as the defense does not apply to, or as is admitted, on such terms as may be just' was not honored [Practice Book § 305]," and "[2] Although the defendant filed a counter-affidavit which suggested an issue of law meriting a hearing and that affidavit was not stricken as palpably false, the court undertook conclusively to resolve that issue on a motion for summary judgment instead of employing the procedure to force a prompt filing of pleadings formally presenting the issue."

The plaintiff did not file an affidavit as required by § 299 of the Practice Book. Since a summary judgment proceeding is a drastic remedy, strict compliance with the rules is required, and this is so whether or not the opposing affidavit is sufficient. *Prudential Ins. Co.* v. *Zorger,* 86 F.2d 446, 449. Here, however, the defendants admitted the allegations in the plaintiff's complaint, and thus no issue of fact was presented by way of a defense. The defendants' opposing affidavit, as it related to the injury alleged to have arisen from a poor credit report—on which injury their counterclaim for damages was predicated—did not affirmatively show that the alleged statements of fact were made on the personal knowledge of the affiants, nor did it

show that if they were sworn as witnesses they could testify competently thereto. See Practice Book § 300; *Dorazio* v. *M. B. Foster Electric Co.,* 157 Conn. 226, 229. The defendants have made a two-pronged attack on the granting of the summary judgment. Their first claim is that even though the bill was justly due and so admitted, they were under no obligation to pay it because it was not in a proper form and was unbusinesslike in that it contained a statement that it was not to be used for insurance purposes. The bill was not made a part of the record, and we have no way of knowing what it contained. This claim, however, appears to have been abandoned, for in their brief and argument the defendants admit that eventually they did receive a "proper bill."

The principal assignment of error arises from the defendants' counterclaim, in which, it is claimed, an issue of law was presented which precluded the court from entering a summary judgment for the plaintiff. That issue of law, it is contended, relates to an alleged adverse remark contained in the files of the collecting agency. "The presence of a counterclaim predicated upon a good and substantial cause justifying a trial may bar a plaintiff's motion for summary judgment on his complaint or may preclude the court from ordering execution of the judgment pending the determination of the counterclaim." Note, 8 A.L.R.3d 1361, 1370, and see cases cited (both federal and state, wherein the court either denied the motion or granted it but stayed execution or entry of judgment while a counterclaim was being tried). "To warrant a summary judgment, it must appear that upon full inquiry it would not be found that a defense existed." *Perri* v. *Cioffi,* 141 Conn. 675, 680; *Rifkin* v. *Safenovitz,* 131 Conn. 411, 416. "The function of the trial court, in applying the summary judgment rules, is to determine

whether an issue of fact exists but not to try that issue if it does exist. . . . If it appears that upon full inquiry a defense would not be found to exist, a summary judgment is warranted." *Rathkopf* v. *Pearson*, 148 Conn. 260, 264; *Kasowitz* v. *Mutual Construction Co.*, 154 Conn. 607, 611; see *Associates Discount Corporation* v. *Smith's Windham Lincoln-Mercury Sales, Inc.*, 153 Conn. 176, 180. The opposing affidavit must contain a recital of facts to show that a genuine issue exists as to any material fact alleged in the complaint. *Loubet* v. *Loubet*, 155 Conn. 695, 696. One test is to narrow the issues to the material facts which are actually and in good faith controverted and then to determine if an issue of fact exists. 41 Am. Jur., Pleading, § 342; Fed. R. Civ. P. 56(d). "If the affidavits on the one side and on the other are directly opposed as to facts shown, the case must go to trial." 41 Am. Jur., Pleading, § 342. For a detailed analysis of summary judgment procedure in Connecticut, see *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 375; Stephenson, Conn. Civil Proc. § 131 (Sup. 1966).

In the instant case, all allegations of the plaintiff's complaint were admitted; there was, therefore, no issue of fact presented. The counterclaim was predicated on alleged remarks made some time after the cost for services rendered had been incurred, and those remarks were entirely independent of the plaintiff's claim. In no way could it be said that the hospital services caused the alleged remarks. A counterclaim, to prevent the granting of a summary judgment, must relate to the principal cause of action. *Woods* v. *Whelan*, 93 F. Sup. 401. In *Elliott-Lewis Corporation* v. *Graeff*, 11 N.J. Super. 567, the plaintiff had obtained a judgment in another state and brought an action for its enforcement. The defendant, while admitting indebtedness,

filed a permissive counterclaim against the plaintiff.[1] Since the facts were not in dispute, a summary judgment was entered for the plaintiff, but a stay of execution was ordered to protect the defendant's rights while his counterclaim was on trial. In *Marks* v. *Spitz,* 4 F.R.D. 348, the court, in granting a motion for summary judgment, held that the counterclaim did not arise out of the transaction or occurrence which was the subject matter of the opposing party's claim but rather was a permissive counterclaim. The court then said (p. 350) that while a compulsory counterclaim is ancillary to the main action and derives its jurisdictional support therefrom, a permissive counterclaim, since it is unrelated to the main claim, requires an independent jurisdictional basis to support it. The court concluded that no independent jurisdictional basis existed and that therefore the motion for summary judgment should be granted. See note, 8 A.L.R.3d 1361, 1387.

The trial court here did not err in concluding that the counterclaim did not operate to prevent the entry of the summary judgment. Moreover, § 305 of the Practice Book provides that where any part of a claim is admitted, the moving party "may have final judgment forthwith for so much of his claim as the defense does not apply to, or *as is admitted,* on such terms as may be just; and the action may be severed and proceeded with as respects the remainder of the claim." (Italics supplied.) The court

---

[1] A "permissive counterclaim" is defined as "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." A "compulsory counterclaim" is defined as one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. C. P. 13 (a), (b). For the effect of a permissive counterclaim under federal practice, see note, 8 A.L.R. 1361, 1385.

did not strike the defendants' affidavit, nor was the counterclaim dismissed. It is evident that the intent of the court was to sever the action and leave the defendants unfettered in disposing of their counterclaim in the usual course of practice.

There is no error.

In this opinion KOSICKI and KINMONTH, Js., concurred.