MANCHESTER MEMORIAL HOSPITAL *v.* NORMAN E. WHITNEY ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 12-6810-2620

Argued July 6—decided October 30, 1970

*Norman E. Whitney,* of Andover, pro se, the appellant (defendant).

*Paul F. McAlenney,* of Hartford, for the appellee (plaintiff).

DEARINGTON, J.  This matter was before this court on August 4, 1969, on appeal by the defendants from a judgment granted the plaintiff on its motion for a summary judgment. *Manchester Memorial Hospital* v. *Whitney,* 6 Conn. Cir. Ct. 212.  In finding no error, we stated that it was evident that the trial court concluded that the defendants' counterclaim did not operate to prevent the entry of a summary judgment on the complaint. The trial court, however, did not dismiss the defendants' counterclaim but severed the action as provided in § 305 of the Practice Book, thus leaving the defendants unfettered in disposing of their counterclaim in the usual course of practice.  Following the decision of this court, the plaintiff returned to the trial court and moved for a summary judgment on the defendants' counterclaim, and the motion was granted.  The defendants have appealed to this court from the judgment rendered on their counterclaim.

In their appeal, the defendants have assigned error claiming that the conclusions reached by the court do not support the judgment because there were genuine issues as to material facts and therefore a summary judgment was improper.  We first consider the defendants' counterclaim.  In this respect, it should be noted that the original action was brought by the plaintiff for professional services rendered a child of the defendants.  The debt was admitted by the defendants.  In their counterclaim, however, they alleged that nonpayment resulted from a statement in the hospital bill that the bill

could not be used for insurance purposes. This statement was deleted in a subsequent bill and ceased to be an issue. They further alleged that the plaintiff engaged the services of a collection bureau and that the bureau has in its files an adverse remark about the defendants which arose over the debt in question and "has caused the [named] defendant great personal travail, impaired the defendant's much valued credit rating, and generally brought disrepute to a decent citizen," and for which the defendants sought damages. These allegations were denied by the plaintiff. The counterclaim failed to disclose who, if anyone, made the adverse remark and further failed to set forth the alleged remark; nor does the defendants' affidavit, hereinafter considered, cast any further light on the matter.

There are two counter affidavits of the defendants in the file, one which accompanied the original action and a more recent one dated February 13, 1970. It appears that the defendants rely on the more recent one. It sets forth that a paragraph appearing in the affidavit of Richard M. Jackson (credit bureau manager) is considered by the defendants to be "derogatory and damaging in itself." That paragraph averred that the only information in the bureau's files relating to the named defendant is as follows: "Collection a/c for a Hospital dated 4/68 owing $212. since 12/67 in hands of attorney 7/68." The defendants also claim that two paragraphs appearing in the affidavit of Arnold H. Klau (attorney for the plaintiff) indicate that improper activity of the plaintiff was damaging to the defendants. Klau's affidavit averred that the defendant refused to pay the bill because of the insurance restriction statement appearing in it and that Klau subsequently obtained a plain itemized bill which was sent to the defendants.

The defendants claim that such admissions in the affidavits raise genuine issues as to material facts and that the plaintiff was, therefore, not entitled to judgment as a matter of law. With this contention we cannot agree. "A motion for summary judgment is designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried. Stephenson, Conn. Civ. Proc. (1966 Sup.) § 131. The function of the trial court, in applying the summary judgment rules, is to determine whether an issue of fact exists but not to try that issue if it does exist. *Rathkopf* v. *Pearson,* 148 Conn. 260, 264 . . . . Pursuant to § 300 of the Practice Book, affidavits filed in connection with a motion for summary judgment must be made on personal knowledge, must set forth facts which would be admissible in evidence, and must show that the affiant is competent to testify to all matters stated in the affidavit. In order to oppose successfully a motion for summary judgment, the opposing party must recite facts in accordance with Practice Book § 300 which contradict those offered by the moving party. *Kasowitz* v. *Mutual Construction Co.,* 154 Conn. 607, 613 . . . ." *Dorazio* v. *M. B. Foster Electric Co.,* 157 Conn. 226, 228. " 'It is not enough that one opposing a motion [for a summary judgment] claims there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented. The movant has the burden of showing the non-existence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist.' *Boyce* v. *Merchants Fire Ins. Co.,* 204 F. Sup. 311, 314 (D. Conn.)." *Kasowitz* v. *Mutual Construction Co.,* 154 Conn. 607, 613; see *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 377.

There was no averment in the defendants' affidavit which tended to contradict the plaintiff's affidavits.

In no way have the defendants shown any adverse remarks contained in the files of the credit bureau as alleged in their counterclaim. Thus, no issue of fact was raised by the defendants' affidavit. The court was correct in granting the plaintiff's motion for a summary judgment.

There is no error.

In this opinion JACOBS and CASALE, Js., concurred.