[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff moves for summary judgment on Counts III and IV of its complaint. In Count III, the plaintiff alleges that he entered into an agreement with the defendants whereby the plaintiff would be entitled to receive one-third of the settlement proceedings from a prior law suit, entitled Financial Strategies Group, Inc. v. Cowan, in exchange for the plaintiff's paying one-third of the expenses of the Cowan litigation. (The plaintiff and the defendants in the present case were plaintiffs in the Cowan case.)
The plaintiff alleges that the Cowan case was settled in favor of the plaintiffs in the amount of $50,000.00, and as a result he is entitled to receive $15,793.57. The plaintiff further alleges that the defendants failed to pay him his one-third share of the proceeds.
In support of his motion for summary judgment, the plaintiff argues that there is no genuine issue of material fact as to the defendants' failure to pay the plaintiff his one-third share. In response, the defendants acknowledge their obligation to pay $15,793.57 to the plaintiff. However, the defendants argue that they have interposed compulsory counterclaims which seek approximately $420,000 in damages from CT Page 5002 the plaintiff, and which preclude the entry of summary judgment in favor of the plaintiff. The defendants also argue that as a matter of equity and judicial economy, the court should allow the defendants to offset the plaintiff's liability on their counterclaims against any liability that defendants may have to the plaintiff.
"The presence of a counterclaim predicated upon a good and substantial cause justifying a trial may bar a plaintiff's motion for summary judgment on his complaint or may preclude the court from ordering execution of the judgment pending the determination of the counterclaim." Manchester Memorial Hospital v. Whitney, 6 Conn. Cir. 212, 215, 269 A.2d 300 (1969), citing 8 A.L.R.3d 1361, 1370. (See cases cited therein.)
To prevent the granting of summary judgment, the counterclaim must relate to the principal cause of action. Manchester Memorial Hospital, supra 216. In other words, it must be a "compulsory counterclaim," which is defined as a counterclaim which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed.R.Civ.P.13(a).
The parties' claims and counterclaims arise out of a series of agreements between the plaintiff and defendants Brown and Swanke, all of whom are shareholders of defendant RSI. Thus, the transaction or occurrence is essentially a dispute between the shareholders of RSI with respect to, inter alia, proceeds from a law suit in which RSI was a plaintiff, and an arbitration proceeding in which RSI was a party. Since the defendants' counterclaim relates to the principal cause of action, it constitutes a compulsory counterclaim, and as such, operates to bar the plaintiff's motion for summary judgment on Count III of the complaint.
In Count IV, the plaintiff alleges that the defendants "committed larceny . . . with intent to appropriate the plaintiff's share of the Cowan settlement proceeds to their own use and benefit." In support of his motion for summary judgment, the plaintiff argues that there is no genuine issue of material fact as to his entitlement to and ownership of one-third of the Cowan settlement proceeds, and that the defendants wrongfully CT Page 5003 appropriated the plaintiff's money and used the money to satisfy their own business obligations.
General Statutes 53a-119 provides in pertinent part that:
 A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. . . .
"The requisite intent is the intent permanently to deprive the owner of the property without color of right or excuse for the act." State v. Rochette, 25 Conn. App. 298, 305-306,594 A.2d 1006 (1991). A person's intent is to be inferred from his conduct and the surrounding circumstances. Id.
The defendants' affidavits state that the plaintiff is entitled to one-third of the Cowan settlement proceeds. (See Brown's affidavit at paragraphs 15, 26, 27, 28, and 29, and Swanke's affidavit at paragraphs 22, 23, and 24.) The defendants' affidavits also state: (1) that the plaintiff owes the defendant money for the costs of an arbitration proceeding (Brown's affidavit, para. 23; Swanke's affidavit, paragraphs 20); (2) that the defendants have funds sufficient to satisfy the plaintiff's claim to one-third of the Cowan settlement proceeds (Brown's affidavit para. 28; Swanke's affidavit, para. 23); and (3) that the defendants' had no intent to divert the plaintiff's share of the proceeds to their own use, and are only holding the plaintiff's share because they believe that the plaintiff owes them an amount of money that is in excess of the Cowan settlement proceeds (Brown's affidavit, para. 29; Swanke's affidavit para. 24).
The defendants' affidavits raise a genuine issue of material fact with respect to whether the defendants acted with intent to permanently deprive the plaintiff of his share of the settlement proceeds without color of right or excuse for their act. "It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Citations omitted.) United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 376, 260 A.2d 596 (1969). CT Page 5004
Therefore, the plaintiff's motion for summary judgment on Count IV is denied.
LEHENY, JUDGE