[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Nutrico, Inc., has filed a three count complaint against the defendant, Frank's Nursery Crafts, Inc., alleging quantum meruit, breach of an oral contract, and unjust enrichment. The gravamen of the complaint is that the plaintiff rendered services to the defendant for which the defendant owes the plaintiff the sum of $50,259.11. The defendant has filed an answer, special defenses and a setoff. The plaintiff has moved to strike the defendant's (third amended) claim for set off [#119] and (second amended) special defense [#120].[1]
 I
The plaintiff moves to strike the defendant's third amended setoff on the ground that it does not allege a mutual and clearly ascertained or liquidated debt. The defendant responds that it has sufficiently alleged a mutual and clearly ascertained or liquidated CT Page 2735 debt.
Practice Book § 168 provides, "[i]n any case in which the defendant has either in law or in equity or in both a counterclaim, or right of setoff, against the plaintiff's demand, he may have the benefit of any such setoff or counterclaim by pleading the same as such in his answer, and demanding judgment accordingly; and the same shall be pleaded and replied to according to the rules governing complaints and answers." General Statutes § 52-139 (a) provides, "[i]n any action brought for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other."
"`A condition precedent to the application of § 52-139 is that the defendant's claim arise from a debt due by the plaintiff. SeeSavings Bank of New London v. Santaniello, 130 Conn. 206, 211,33 A.2d 126 (1943). It is the defendant's burden to demonstrate its right of setoff by affirmatively and adequately alleging such a claim in the pleadings. Practice Book § 168; Peters Production,Inc. v. Dawson, 182 Conn. 526, 528, 438 A.2d 747 (1980).' Petti v.Palance Rock Associates, 12 Conn. App. 353, 362, 530 A.2d 1083
(1987)." Elis v. Rogers, 15 Conn. App. 362, 365, 544 A.2d 633
(1988). A claim that "involves a debt which is mutual and liquidated, even though it arises from separate transactions . . . is characterized as a setoff." Northwestern Electric, Inc. v.Rozbicki, 6 Conn. App. 417, 426, 505 A.2d 750 (1986). Mutual debts are "`cross debts in the same capacity and right and of the same kind and quality.' Lippit v. Thames Loan Trust Co., 88 Conn. 185,199, 90 A. 369 [1914]." Shippee v. Pallotti, Andretta Co., Inc.,114 Conn. 560, 564, 159 A. 494 (1932). To be set off, a debt must be for a liquidated amount. Lippit v. Thames Loan Trust Co.,88 Conn. 185, 199, 90 A. 369 (1914). A debt is liquidated "when it is `susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in the possession or knowledge of the party to be charged.' Rifkin v.Safenovitz, 131 Conn. 411, 414, 40 A.2d 188 (1944), quotingCochrane v. Forbes, 267 Mass. 417, 420, 166 N.E. 752 (1929); seePerri v. Cioffi, 141 Conn. 675, 678, 109 A.2d 355 (1954). It is sufficient for this purpose if the debt is measurable by a fixed or established external standard, or by a standard apparent from the documents upon which the [claimant] bases his claim. RamadaDevelopment Co. v. United States Fidelity Guaranty Co.,626 F.2d 517, 525 n. 11 (6th Cir. 1980)." Costello v. Hartford Institute ofAccounting, Inc., 193 Conn. 160, 165-166, 475 A.2d 310 (1984); see CT Page 2736 also State v. Staub, 61 Conn. 553, 568, 23 A. 924 (1892).
The complaint alleges that the defendant owes $50,259.11 to the plaintiff for services rendered "by way of packaging and distributing supplies, including private label fertilizers and pesticide products . . . ." The complaint also alleges that this debt was incurred on and after September 8, 1993. The setoff alleges that the defendant had to pay a $100,000.00 fine to the New York Department of Environmental Conservation as a result of the plaintiff's failure to obtain registrations for certain fertilizer, herbicide, and pesticides sold to the defendant. The setoff alleges that the plaintiff's failure to obtain registrations occurred during the years 1990 and 1992. The setoff further alleges that "[o]ne half of the fine that Frank's paid to the New York Department of Environmental Conservation is attributable to Nutrico's failure to obtain the requisite registration for products it sold to Frank's. Consequently, Frank's alleges that it has been damaged in the amount of $50,000.00, plus interest, as a result of Nutrico's conduct." The defendant has sufficiently alleged that it is owed a mutual and liquidated debt by the plaintiff. The plaintiff's motion to strike the defendant's third amended set off [#119] is denied.
 II
The plaintiff moves to strike the defendant's third amended special defense on the ground that it does not relate to the plaintiff's cause of action. The defendant responds that the third amended special defense does relate to the plaintiff's cause of action.
The defendant's third amended special defense states, in its entirety, that "[a]s to all counts, Nutrico failed to obtain the registrations required by New York Conservation Law, §§ 33-0701, 333-1301(1)(a) and 33-1302 (10) (McKinney's 1984 and Supp. 1996) for the products Nutrico sold to Frank's, impairing their value to Frank's and causing Frank's damage as provided by New York Environmental Conservation Law, § 71-2907 (McKinney's 1984 and Supp. 1996), and by common law."
The plaintiff reasons that because its complaint concerns services provided on and after September 8, 1993, and because the defendant's setoff alleges that the plaintiff failed to obtain registrations for products sold to the defendant during 1990 and 1992, the special defense is not related to the plaintiff's claim CT Page 2737 and is therefore insufficient. The court, however, cannot look beyond the challenged pleading when reviewing a motion to strike. When reviewing a motion to strike, the "trial court must take the facts to be those alleged in the [attacked pleading]; Blancato v.Feldspar Corporation, 203 Conn. 34, 36, 522 A.2d 1235 (1987);DeMello v. Plainville, 170 Conn. 675, 677, 368 A.2d 71 (1976); and `cannot be aided by the assumption of any facts not therein alleged.' Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406
(1977); Webster Construction Co. v. Housing Authority,144 Conn. 187, 194, 128 A.2d 540 (1956)." Liljedahl Bros., Inc. v. Grigsby,supra, 215 Conn. 348. When ruling on a motion to strike the court must construe the facts most favorably to the nonmoving party and "[i]f facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RKConstructors, Inc. v. Fusco Corp., supra, 231 Conn. 384. In the context of a motion to strike a special defense, the court is limited to considering the facts alleged in the special defense.Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). A motion to strike which imparts facts outside of the attacked pleading is a speaking motion to strike and will not be granted. Liljedahl Bros., Inc. v. Grigsby, supra, 215 Conn. 348.
The plaintiff argues that the third amended special defense should be stricken based on allegations made in the defendant's third amended claim or set off. However, the facts alleged in the claim for set off are not alleged in the special defense and therefore are not properly considered by the court when ruling on a motion to strike the special defense. The plaintiff's challenge must await a motion for summary judgment. The plaintiff's motion to strike the defendant's third amended special defense [#120] is denied.
BY THE COURT
Bruce L. Levin Judge of the Superior Court