[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION (#120) TO STRIKE COUNTERCLAIMS AND DEFENDANT'S OBJECTION (#121)
The plaintiff has moved the court to strike the defendant's counterclaims numbers 3 through 8 for the reason that said counterclaims fail to set forth an ascertainable and liquidated debt.
The counterclaims were the subject of an identical motion to strike which was granted by this court (Sheedy, J.) on February 19, 2002. (See motion #117).
The defendant resubmitted the identical counterclaims 3 through 8 as part of its amended answer, special defenses and counterclaims for setoff, dated March 8, 2002.
The plaintiff argues that because the defendant's counterclaims are not liquidated they violate the "black letter law of Connecticut" that in a counter-claim for setoff, a liquidated sum must be alleged. As authority for that proposition, the plaintiff cites Peters Production, Inc. v. Dawson, 182 Conn. 526, 528 (1980) wherein it was held "in order to have the benefit of a right of setoff, a defendant must affirmatively raise his claim in the pleadings." In that case, the defendant filed a counterclaim, however the court found that no facts where pleaded which could support such claim as required by Practice Book Sec. 168 (now Sec.10-54). Id, p. 528.
The defendant objects to the motion to strike arguing that over the several years during which this case has been pending, it has supplied the plaintiff with sufficient facts and data to permit the plaintiff to be able to calculate and accurately determine the liquidated counterclaim of the defendant. CT Page 5190
The defendant cites Rifkin v. Safenowitz, 131 Conn. 411 (1941) wherein it held "a liquidated sum . . . is susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in the possession of the party to be charged."
While the plaintiff does not argue with the Rifkin definition of "liquidated sum", It points out that in Rifkin the "factor" to be used to calculate the liquid sum was an escrow account in the amount of $3675.00 — a relatively specific fact readily available to help calculate the amount of liquidated damages. The data which the defendant would have the plaintiff turn to in order to ascertain the liquidated amount of the defendant's setoff in this case is reportedly contained in the many documents which have been exchanged between the parties as part of their contractual relationship "from on or about 1990 through September 28, 1995". That collection of data is hardly analogous to the existence of the $3675.00 escrow account which constituted the requisite "factor" in the Rifkin case.
The court finds that the pleadings as set forth in counts 3 through 8 of the defendant's counterclaims for setoff do not accurately reference and specify documents allowing the plaintiff to determine the amount of setoff and the set-off figure is not susceptible to determination by the plaintiff.
For the foregoing reasons, the plaintiff's motion to strike counts 3 through 8 of the defendant's counterclaims is hereby granted
By the Court
Joseph W. Doherty, Judge