**BATES et al. v. McCLEES.**
Civil Action No. 7745.

District Court, E. D. Pennsylvania.
April 6, 1948.

Harvey N. Schmidt and Clarke, Reed & Schmidt, all of Philadelphia, Pa., for plaintiffs.

Samuel Englander, of Philadelphia, Pa.; for defendant.

McGRANERY, District Judge.

This is a suit for triple damages under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq. The complaint alleges that defendant Hilda McClees is the landlord of 708 North 40th Street, and that she charged plaintiffs over the legal maximum rent for the four apartments they respectively occupied, as follows:

1. Plaintiffs Edward and Gladys Bates, from May 23, 1946, to June 17, 1947, paid defendant $15 in advance and $15 a week for the first floor rear apartment of above premises, while the maximum legal rent was $6.50 per week.

2. Plaintiff Nora Rawlings, from March 11, 1946, up to and including June, 1947, paid defendant $50 a month for the second floor front apartment, while the legal rent was $6 per week.

3. Plaintiffs William and Lottie Allen, from June 18, 1947, to July 2, 1947, paid defendant $12 in advance and $12 per week, for the second floor rear apartment of above premises, while the legal rent was $25.50 per month.

4. Plaintiffs Nathaniel and Jane English, from May 12, 1947, paid defendant $12 in advance and $12 per week for the third floor rear apartment of above premises, while the legal rent was $6 per week.

Defendant's answer admits these essential allegations except for a denial that the maximum legal rent was as alleged. The answer avers as defense that after the maximum rent date in March, 1942, but prior to possession by the plaintiffs, defendant made major capital improvements, and that the one-year statute of limitations bars part of the claims asserted.

Plaintiffs have moved for summary judgment, supporting their motion by an affidavit by John J. Devenney, a Rent Examiner of the Philadelphia office of the Housing Expediter. That affidavit asserts that the maximum legal rent of the apartments is as the complaint alleged, with one exception (first floor rear $4.50 per week instead of $6.50 as the complaint asserts). The affidavit states further facts which need not be gone into now, as they relate to the issue of damages. There is no assertion that defendant proceeded properly to achieve an increase in legal rent due to a major capital improvement. Accordingly, therefore, there seems to me to be no genuine issue as to a material fact, except as to the issue of damages. Therefore, an order will be entered granting summary judgment to plaintiffs as to those claims which arose within one year before the commencement of this action on September 16, 1947. In order to dispose of the entire action promptly, a hearing will be held on April 21, 1948, 2 P.M., to assess damages. At that hearing the issues will be confined to whether defendant's overcharges were wilful or the result of failure to take practicable precautions, and what the maximum legal rent for the first floor rear apartment of above premises is.