## Dyno v. Rafferty

*Nicholas Dano,* for plaintiff.

*Gerald G. Dolphin,* for defendant.

EAGEN, J., April 6, 1951.—This is an action in assumpsit to recover damages for alleged rent overcharges in violation of the Emergency Price Control Act of January 30, 1942, 56 Stat. at L. 23, 50 U.S.C. §901 et seq., and the Housing and Rent Act of June 30, 1947, 61 Stat. at L. 193 et seq., 50 U.S.C. §1881 et seq.

The overcharges allegedly began in the month of August 1948 and continued each month up to and including the month of September 1950. Suit was instituted February 27, 1951. Defendant filed preliminary objections stating that the violations set forth are at least in part beyond the one-year limitation for recovery specified in the pertinent statutes. The Act of Congress of June 30, 1947, sec. 205, 50 U.S.C. §1895, designated as the Housing and Rent Act, specifically states that suits such as we have here shall be brought "within one year after the date of such violation."

It has frequently been held that a landlord is liable to the tenant for overcharges made within one year of the beginning of the suit. All claims for overcharges beyond the one year are barred: Sampson et al. v. Thomas, 76 F. Supp. 691; Citrone v. Palladino, 77 N. Y. S. (2d) 489; and Bates et al. v. McClees, 76 F. Supp. 939.

Moreover, it has been held that this limitation is not such a statute of limitations as must be pleaded affirmatively. In Citrone v. Palladino, supra, the court said:

"While it is true that ordinary statutes of limitation cannot be the basis for a dismissal of the complaint . . . where a statute creates a cause of action unknown at common law, a period of limitation set up in the same statute is regarded as a matter of substance limiting the right as well as the remedy . . ."

Therefore, April 6, 1951, the preliminary objections to the allegations in the complaint involving the overcharges previous to February 27, 1950, are sustained. As to any acts occurring after February 27, 1950, the objections are overruled. Defendant is granted 15 days in which to answer over.