## PASQUEL v. OWEN.

### No. 684.

United States District Court
W. D. Missouri, W. D.

April 11, 1951.

158

Victor B. Harris (of Smith, Harris & Hanke), St. Louis, Mo., Mann, Mann, Walter & Powell, Springfield, Mo., for plaintiff.

E. C. Curtis (of Farrington & Curtis), Springfield, Mo., for defendant.

REEVES, Chief Judge.

Based upon the language of the Court of Appeals in its opinion rendered December 29, 1950, reported, 8 Cir., 186 F.2d 263, counsel for the plaintiff has filed a motion for a summary judgment conformable to the provisions of Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. Pertinent portions of said rule may be found in paragraph (c) as follows: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavit, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

Counsel quote from the opinion of the Court of Appeals, as follows:

"The undisputed evidence here, in our view, showed as a matter of law that the defendant waived the alleged breach of the contract by the plaintiff and hence he had no right to abandon it.

" * * * He (defendant) was not deprived of his employment by any act of plaintiff, nor did he suffer any pecuniary loss by any act of the plaintiff, * * *." [186 F.2d 271.]

The mandate of the Court of Appeals filed in this court January 18, 1951, contains the following pertinent mandatory directions:

" * * * It is now here Ordered and Adjudged by this Court that the judgment of the said District Court appealed from in this cause be, and the same is hereby, reversed * * *.

"And it is further Ordered by this Court that this cause be, and the same is hereby, remanded to the said District Court with directions to grant a new trial, * * *."

1. This was a compelling order and has been obeyed by the District Court so that the case stands in the precise position as if the trial court had granted a new trial before the appeal. It is the rule, both in the state and the national courts, that, where a motion for a new trial has been sustained, the issues in the case stand as though they had never been tried and the case has to be tried de novo, and the whole case, including the issues of fact at the former trial, is open for hearing and determination. 66 C. J.S., § 230, p. 582, relating to the subject of New Trial. Hunt v. United States, 53 F. 2d 333: In the latter case the Court of Appeals for the Tenth Circuit said in relation to the granting of a new trial: "The cause now stands in the District Court with the issues undisposed of, as if it had never been tried."

See also Ritzheimer v. Marshall, Mo. App., 168 S.W.2d 159, loc. cit. 166, where the St. Louis Court of Appeals said: "However, we think it not amiss for us to say that in this state a 'new trial' is a trial anew with as little prejudice to either party as though the cause had never been heard. Star Bottling Co. v. Louisiana Purchase Exposition Co., 240 Mo. 634, 144 S.W. 776."

2. As indicated by the Court of Appeals in its mandate in ordering a new trial, the further proceedings in the case must not be inconsistent with the opinion of the court. This means, of course, that the Court of

Appeals has promulgated by its opinion the law of the case, and the principles of law thus announced in the opinion must be followed in another trial.

Necessarily, if the facts develop as in the first trial, the trial judge must apply the principles of law so announced, and if the facts are the same as in the former trial, then, with such undisputed evidence, it would be the duty of the court to direct a verdict for the plaintiff. However, as stated in the texts as well as in the decisions, by the granting of a new trial, the whole case is to be tried de novo and issues of fact in the former trial are open for hearing and determination. This is for the reason that the issues stand as if they had never been tried. The opinion of the Court of Appeals was advisory but not directory on the issues of fact. On such issues it directed a new trial.

3. Counsel for the plaintiff only ask for an interlocutory judgment on plaintiff's motion. The rule as above quoted only provides for a summary judgment, interlocutory in character, where there is no issue of liability but a genuine issue as to the amount of damages. This court could not split the cause of action by entering a summary judgment in part and relegating to a jury the question of additional damages. The pleadings call for a single judgment based upon a single verdict of a jury, and the trial judge would not be at liberty to split the cause of action by entering an interlocutory judgment to be supplemented by a judgment on the verdict of the jury.

Under the decision of the Court of Appeals, if the facts develop the same as in the first trial, then it would be the duty of the trial judge to instruct the jury that, as a part of its verdict it should find certain items in favor of the plaintiff, and that that should be done without debate or deliberation, and that such amounts should be increased by such additional damages as the jury may believe accrued to plaintiff.

It would follow from the foregoing that the motion for a summary judgment should be and will be overruled.