PAUL MARTIN, MICHAEL GIULIANO, FRANK PETRUCCI AND JEAN FRATELLO, PLAINTIFFS-APPELLANTS, v. JULIA MAZZIOTTI, DEFENDANT-RESPONDENT.

Argued January 12, 1953—Decided January 26, 1953.

Mr. *Victor H. Miles* argued the cause for the appellants.

Mr. *Charles Blume* argued the cause for the respondent.

The opinion of the court was delivered by

BURLING, J. This appeal involves claims for damages for rent overcharges under the *Federal Housing and Rent Act, June* 30, 1947, *c.* 163, *Title* II, *sec.* 205, 61 *Stat.* 199, as amended *March* 30, 1949, *c.* 42, *Title* II, *sec.* 204, 63 *Stat.* 27 (see 50 *U. S. C. A. App., sec.* 1895). The act was further amended: *July* 31, 1951, *c.* 275, *Title* II, *sec.* 204, 65 *Stat.* 147 (see 50 *U. S. C. A. App., sec.* 1895, *supra*), but the period of rent overcharges covered by the claims involved in this appeal terminated prior to the effective date of the latter amendment.

The first of the consolidated civil actions here involved was initiated by the filing of a complaint on January 1, 1950 in the Essex County Court. The plaintiffs, Paul Martin, Michael Giuliano, Frank Petrucci and Jean Fratello, in separate counts sought treble damages under the pertinent federal statutory provisions, *supra,* (hereinafter adverted to as *sec.* 205 as amended 1949) for alleged rent overcharges and bonus payments received by the defendant Julia Mazziotti. (Essex County Court, *Docket No.* 91002). This action proceeded to trial. The plaintiffs recovered substantial judgments against the defendant. On the defendant's appeal to the Superior Court, Appellate Division, the judgments were reversed. *Martin v. Mazziotti,* 14 *N. J. Super.* 340 (1951). The Appellate Division determined that the question of willful violation was properly left to the jury for determination, but reversed the judgment principally upon evidential rulings.

Prior to the decision of the above appeal in the Superior Court, Appellate Division, the four plaintiffs instituted a second action against the defendant in the Essex County Court. The claims were for treble damages under *sec.* 205 as amended 1949, *supra,* for alleged rent overcharges for periods in 1950 beginning February 1 of that year. (Essex County Court, *Docket No.* 92313.)

After the reversal of the judgments in the first action (*No.* 91002, *supra*) and remand thereof to the Essex County Court,

the plaintiffs moved for judgment in both case *No.* 91002 and case *No.* 92313. The notice of motion recited that the application was for an order in the above two cases, which had been consolidated for trial, for judgment for "single damages * * * in accordance with the opinion of the Appellate Division" and also for an order striking the defense of general release (as to plaintiff Giuliano), on the ground that those "issues" had been finally determined by, or were *res adjudicata* as a consequence of, the judgment of the Appellate Division. Prior to the determination of the aforesaid motion, the Essex County Court entered on December 7, 1951, an order amending both complaints "to include in addition to the demand for treble damages a demand for liquidated damages in the amount of the overcharges if the defendant proves that the violations were neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation."

On December 19 and 20, 1951, the Essex County Court, by letter, advised counsel that plaintiffs' motions should be granted, the court stating that "as a consequence, the issue of single damages for overpayments will be out of both suits when they come to trial and I will sign an order accordingly." Following this determination the trial court entered an order on December 21, 1951, which included: (a) denial of a motion by the defendant in case No. 92313 (laid by defendant on the ground that plaintiffs' suit in case No. 91002 barred the other action), (b) grant of plaintiffs' motion to strike the defense of general release as to plaintiff Giuliano in both suits, and (c) ordering judgment to be entered for the plaintiffs for "single damages."

Subsequently the defendant moved the trial court for "summary judgment * * * against the plaintiffs on the ground that there has been an election of remedies made by the plaintiffs and they are estopped from further proceeding with their cases by reason of the fact that they have elected and made a choice for entry of judgment for single damages. * * *" This motion was made returnable on January 11,

1952. On that day the defendant paid into court an amount sufficient to satisfy the plaintiffs' judgment.

On January 8 and 9, 1952 the defendant filed answers to the plaintiffs' amended complaint, asserting in defense thereto that the order of December 21, 1951 constituted an estoppel against the plaintiffs "from further proceeding with their cases," or barred further proceedings, or constituted an accord and satisfaction.

The trial court on January 23, 1952 granted the defendant's motion for judgment. *Marlin v. Mazziotti,* 17 *N. J. Super.* 302 (*Cty. Ct.* 1952). The resulting judgments were affirmed by the Superior Court, Appellate Division, on July 10, 1952. *Marlin v. Mazziotti,* 20 *N. J. Super.* 503 (*App. Div.* 1952). Plaintiffs' petition for certification was allowed. 10 *N. J.* 345 (1952).

The principal question involved in this case is whether the judgments for the plaintiffs for "single damages" precluded the plaintiffs from proceeding to trial to prove their claims for multiple damages under *section* 205 as amended 1949, *supra.* We are of the opinion that under the circumstances of this case, they did not.

The proceedings taken by the parties in the trial court were addressed to the court under *Rule* 3:56. Even though the record is confused in some respects, it shows clearly that the plaintiffs intended to reduce the issues, particularly as to liability and the right to recover the minimum amount of damages.

*Rule* 3:56–3 provides:

"* * * The judgment or order sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show palpably that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. A summary judgment or order, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

*Rule* 3:56–4 provides:

"If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that exist without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

It was obvious from the state of the record, the plaintiffs' notice of motion and the arguments of the parties, that the plaintiffs had not relinquished their claim for multiple damages, and that material facts relating thereto were challenged by the defendant. This called upon the trial court to enter an appropriate order under *Rule* 3:56–4, as was indicated in the comments on *Rules* 3:56–3 and 3:56–4 published in the Tentative Draft. The following excerpt from those comments relative to *Rule* 3:56–4 is pertinent:

"Under this rule summary judgment may be entered as to a part of a pleading which is sham, and an order in the nature of a pretrial order must be entered as to a further part thereof which is uncontested; the cause may then proceed to trial as to the residue of the pleading."

█ Following the interpretation so indicated an order or judgment as to the fact of the existence of rent overcharges in these matters was justified, and the trial court's duty was to enter an order showing that the *amounts* of the overcharges were uncontested although the plaintiffs' claim to greater damages was in dispute. We construe the order for judgment for the plaintiffs entered on December 21, 1951 to be in effect a substantial compliance with this rule as so interpreted. This interpretation and application of *Rule* 3:56 is in accord with determinations of federal courts under *Rule* 56 of the Federal Rules of Civil Procedure, 28 *U. S. C. A.*,

(which was the pattern on which *Rule* 3:56 was drawn), and analogous circumstances. *Porter v. American Tobacco Co.,* 7 *F. R. D.* 106, 107 *(D. C. S. D. N. Y.* 1946); *United States v. Naus,* 11 *F. R. D.* 189 *(D. C., W. D. Mo.* 1951); *Woods v. Mertes,* 9 *F. R. D.* 318 *(D. C., Del.* 1949); *Bates v. McClees,* 76 *F. Supp.* 939 *(D. C. E. D. Pa.* 1948)'. *Cf. Coffman v. Federal Laboratories, Inc., et al.,* 171 *F. 2d* 94, 98 *(C. C. A.* 3 1948); *Pasquel v. Owen,* 97 *F. Supp.* 157 *(D. C. W. D. Mo.* 1951).

▮ This conclusion at once indicates that the plaintiffs' judgment was interlocutory. The defendant's judgment, however, was a final judgment, constituting a final determination of the entire cause, or causes, of action. Since there were outstanding issues of fact in dispute as to the *quantum* of damages this judgment was not warranted under. *Rules* 3:56–3 and 3:56–4.

This disposition disposes of the questions of election of remedies and accord and satisfaction raised by the defendant's statement of questions involved.

For the reasons expressed in this opinion the final judgment for the defendant entered in the Essex County Court in each of these cases *(Docket No.* 91002 and *Docket No.* 92313) and the judgment of affirmance thereof by the Superior Court, Appellate Division, are reversed. The interlocutory judgments for the plaintiffs will be permitted to stand, construed under *Rule* 3:56–4 as judgments settling the issue of violation of the Housing and Rent Act of 1947 and as an order settling the minimum amount of damages as to which there is no controversy. The final amount of damages is to be determined in further proceedings in the Essex County Court upon the remand of these cases to that tribunal.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, BURLING, JACOBS and BRENNAN—6.

*For affirmance*—None.