66 N.J. Super. 411 (1961)
169 A.2d 221
THEODORE PAOLUCCI AND JOSEPH PAOLUCCI, T/A THEODORE PAOLUCCI & SON, PLAINTIFFS,
v.
358 MARKET STREET, INC., A CORPORATION OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 20, 1961.
*412 Messrs. Heller & Laiks, attorneys for plaintiffs (Mr. Murray A. Laiks, appearing).
Messrs. Lowenstein & Spicer, attorneys for defendant (Mr. Murray D. Brochin, appearing).
LORA, J.S.C.
Plaintiffs Theodore Paolucci and Joseph Paolucci, trading as Theodore Paolucci & Son, seek partial summary judgment against the defendant 358 Market Street, Inc.
Suit was instituted by the plaintiffs for balances due them for materials and labor furnished to the defendant and which involved construction by plaintiff building contractors of a post-office building in Saddle Brook, New Jersey, a bank building in Saddle Brook, New Jersey, and extensive alterations to an existing bank building in Lodi, New Jersey. Defendant admits all work contracted for has been satisfactorily completed.
Plaintiffs contend there is due them on all three jobs, after crediting the defendant with payment of $50,000, the sum of $89,928.65 together with interest, part of which sum *413 is represented by a past due note for $55,400, which note is the subject matter of the eighth count of the complaint.
Plaintiffs advance alternative theories to support their claims for specific sums due them for work done on each of the buildings aforesaid, contending that the specific amount claimed as being due them on each building is either the unpaid balance of a price fixed by contract with the defendant, or the unpaid balance of the reasonable value of services, labor and materials performed and furnished defendant.
The sums claimed to be due are, respectively, a balance of $48,700 for the post office building, $36,228.65 for the renovation of the Lodi branch bank building, and $5,000 for the construction of the new bank building at Saddle Brook. Defendant admits said balance of $5,000 is due and owing the plaintiffs on the new bank building job. Both parties admit there was only one written agreement, which was dated September 11, 1959 and covered only the construction of the Saddle Brook post office. This agreement provided, among other things, that "the building is to be constructed on the basis of cost (labor, materials, incidental fees, subcontractors costs) plus 10 per cent profit. If the contractor at any time feels that this job may exceed $65,000 due to unexpected costs or other reasons, then the owner should be contacted promptly before expending these additional amounts." The other two jobs were performed under oral agreements, plaintiffs contending that the Lodi alterations were to be done on a cost-plus basis and defendant contending that the work was contracted for at a fixed price. There is, as stated aforesaid, no dispute as to the total price for the Saddle Brook bank building and the $5,000 balance remaining on account thereof. The oral depositions of both Joseph Paolucci, one of the plaintiffs herein, and Irwin Silverman, an officer of the defendant corporation, indicate quite clearly there is a genuine and real issue as to the total contract price or the reasonable value of the labor, materials, and services furnished in connection *414 with both the post office building and the renovations of the Lodi branch bank building, so that summary judgment obviously does not lie Sokolay v. Edlin, 65 N.J. Super. 112 (App. Div. 1961). However, plaintiffs here seek, in effect, a partial summary judgment for part of the monies claimed to be due them on the aforesaid two jobs and for the $5,000 admitted by the defendant to be due the plaintiffs on the Saddle Brook bank building.
In this connection, however, defendant contends that pursuant to an agreement of accord dated March 17, 1960, which was entered into by the parties after discussions had regarding disputed costs of the materials and the work done on the buildings aforesaid, the promissory note for $55,400 with interest at 5% was issued in full satisfaction and discharge of all of plaintiffs' claims. Defendant further contends that the note for $55,400 was extended and replaced with a new note dated October 31, 1960 for $55,000.
Plaintiffs, in the seventh count of the complaint, seek rescission of the memorandum accord agreement of March 17, 1960 on the grounds of misrepresentation and lack of consideration and move for partial summary judgment on the fifth and eighth counts of the complaint which respectively set forth the $5,000 admitted by both parties to be due on account of the Saddle Brook bank building and the past due note for $55,400. Plaintiff Joseph Paolucci, in his affidavit accompanying the motion, states, "Defendant unequivocally admits the sum of $55,400., with interest is due," and relies for the same on the oral deposition of defendant's Assistant Secretary, Irwin Silverman, pages 40-41. However, a reading of the deposition of said Irwin Silverman indicates clearly Silverman's admission that $55,400 was due plaintiff was predicated upon the existence of a valid agreement of accord  the same accord which plaintiffs now seek to rescind. Plaintiffs having attacked said accord agreement, a genuine issue of fact exists insofar as the sum of $55,400 is involved.
*415 However, Silverman's deposition at pages 63 to 65, inclusive, and commencing with line 13 on page 63, does admit that before any compromise whatsoever, there was due the plaintiffs the sum of $65,000 for the post office building, the sum of $18,000 for the Lodi branch bank building, and the sum of $5,000 on account of the Saddle Brook bank building, or a total of $88,000. Both parties having admitted $50,000 was actually paid on account of all three buildings, plaintiffs contend there can be no question that there is due them at least $38,000, and they therefore seek in the alternative partial summary judgment for said $38,000.
R.R. 4:58-1 provides that a party seeking to recover upon a claim, counterclaim, or cross-claim may move for a summary judgment or order in his favor upon all or any part thereof or as to any defense. However, such provision must be construed in connection with R.R. 4:58-4 entitled, "Case not fully adjudicated on motion."
R.R. 4:58-3 provides that summary judgment may be rendered
"if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show palpably that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. A summary judgment or order, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
R.R. 4:58-4 provides:
"If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that exist without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action *416 as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."
Our rule 4:58 is virtually the same as the federal rule (F.R. Civ. P. 56, 28 U.S.C.A.) after which it was patterned. As a matter of fact, the comments in the Tentative Draft Rules Governing All of The Courts of New Jersey, dated March 27, 1948, on Rules 3:56-1 to 3:56-8 inclusive, now R.R. 4:58-1 to 4:58-8, inclusive, so state.
Then, too, the following excerpt from the comments in the Tentative Draft Rules is most significant:
"Under this rule summary judgment may be entered as to a part of a pleading which is sham, and an order in the nature of a pre-trial order must be entered as to a further part thereof which is uncontested; the cause may then proceed to trial as to the residue of the pleading."
See Martin v. Mazziotti, 11 N.J. 287, 292 (1953), where the rule and this comment are discussed.
Research has disclosed no reported New Jersey case in which partial summary judgment was sought for a portion of a total dollar sum claimed to be due, although Martin v. Mazziotti, supra, involved a judgment for single damages on a claim for treble damages arising out of a rent overcharge.
However, in Biggins v. Oltmer Iron Works, 154 F.2d 214 (1946), the Court of Appeals for the Seventh Circuit held summary judgment was not contemplated or authorized for any portion of a claim less than the whole. In the Biggins case, supra, plaintiff instituted suit for $13,308.80 which he claimed was due him for services rendered defendant as a sales representative for the period March 1942-March 1, 1944. This total amount was broken down into five designated items, including a check from the defendant to plaintiff for $8,566.55 and a check for $307.50, which checks the defendant had tendered plaintiff in settlement or compromise of his claim, and which plaintiff refused to accept. *417 Plaintiff "in accordance with Rule 56 of the Rules of Civil Procedure for the District Court of the United States, moves for summary judgment in the sum of $8,874.05, in accordance with the affidavit and exhibits attached hereto." The trial court entered what was designated as a partial summary judgment on these two items and ordered execution issue therefor. On appeal, the Court of Appeals held the summary judgment rule "does not contemplate a summary judgment for a portion of a single claim in suit * * * A partial summary judgment, as the instant one is termed, under the circumstances before us is a misnomer."
The court's interpretation of the federal rule, which is comparable to our New Jersey rule, and its reasoning thereon, is set forth most lucidly in the following paragraphs of the opinion (154 F.2d, at pp. 216-217):
"Of the numerous paragraphs contained in Rule 56, only (a) and (d) are material to the instant situation. Paragraph (a) provides:
`A party seeking to recover upon a claim, counterclaim, or cross-claim * * * may, at any time after the pleading in answer thereto has been served, move * * * for a summary judgment in his favor upon all or any part thereof.'
True, this paragraph standing alone indicates that a plaintiff may be awarded a summary judgment for a `part' of the claim sued upon. This paragraph, however, when a summary judgment is sought by plaintiff for only a part of his claim must be construed in connection with paragraph (d) entitled, `Case Not Fully Adjudicated on Motion.' It provides:
`If on motion under this rule judgment is not rendered upon the whole case or for all relief asked and a trial is necessary, the court at the hearing of the motion * * * shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted.'
The language just quoted is controlling in the instant situation where judgment was neither sought nor rendered `upon the whole case or for all the relief asked.' When such a situation is presented to a court, is it authorized to enter a partial summary judgment as was done in the instant case? Paragraph (d) plainly answers this question in the negative. It continues:
`It (the court) shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action *418 as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.'
In other words, interpreting paragraph (d) as a whole, it appears plain that a summary judgment is not contemplated or authorized for any portion of a claim less than the whole. When the court is confronted with such a motion as it was in the instant case, it is authorized only to make an `order' as to the non-controverted facts, `including the extent to which the amount of damages or other relief is not in controversy.'
This construction of Rule 56 is not novel. Moore in his treatise on the Federal Rules of Civil Procedure (3 Moore's Federal Practice, 1st Ed. 1938, 3175) states:
`Rule 56 (d) imposes a duty upon the court to sift the issues and to specify which material facts are really in issue and which are not, thereby facilitating and expediting the trial. This pre-trial sifting of the issues upon a motion for summary judgment, as provided in Rule 56 (d), is quite similar to the pre-trial procedure provided in Rule 16, except that under Rule 56 (d) it is compulsory, while under Rule 16 it is discretionary with the court.'
This court, in the Leonard case, [Leonard v. Socony-Vacuum Oil Co.], supra 130 F.2d [535] at page 536, approved this interpretation by stating:
`The rule is very similar to Rule 16 concerning pretrial procedure for formulation of issues by the court in conference with the parties. In fact, the drafters expressly indicated that the same purpose lay behind both.'
In Audi Vision, Inc., et al. v. RCA Mfg. Co., Inc., 2 Cir., 136 F.2d 621, 147 A.L.R. 574, the court similarly compared Rule 56 (d) with Rule 16. As to the former, it made this significant statement (page 625 of 136 F.2d):
`If the district court will take care in cases such as this to make it clear that its order is of the pre-trial type as authorized under these rules, the parties will then more fully recognize their rights and the court will have retained full power, as it should, to make one complete adjudication on all aspects of the case when the proper time arrives.'"
Commonwealth Ins. Co. of N.Y. v. O. Henry Tent & A. Co., 266 F.2d 200 (7 Cir. 1959), involved a declaratory judgment suit upon four fire insurance policies. Insured demanded $32,188.29 for value of property destroyed by fire, and the insurer corporations claimed their total liability was only $14,360.76, based upon a valuation report submitted prior to the date of the fire. The District Court entered partial summary judgment for the $14,360.76, but *419 on appeal the Court of Appeals held the District Court did not have such power, relying on its decision in the Biggins case, supra.
The Third Circuit Court of Appeals followed this same reasoning in Coffman v. Federal Laboratories, 171 F.2d 94, 98 (1948), certiorari denied 336 U.S. 913, 69 S.Ct. 603, 93 L.Ed. 1076 (1949), stating it agreed with the Second and Seventh Circuits that the rule "does not contemplate a summary judgment for a portion of a single claim in suit."
See 6 Moore's Federal Practice (2d ed.), 2299-2309, and 35B C.J.S. Federal Civil Procedure § 1214 on "Partial Adjudication."
Martin v. Mazziotti, above, 11 N.J., at pages 292, 293, followed the interpretation of these federal cases. That appeal involved claims for damages for rent overcharges under the Federal Housing and Rent Act, 50 U.S.C.A. Appendix, § 1881 et seq. Plaintiffs sought treble damages under the pertinent federal statutory provisions for alleged rent overcharges and bonus payments. The trial court ordered judgment to be entered for the plaintiffs for "single damages." Subsequently, the defendant moved the trial court for "summary judgment * * * against the plaintiffs on the ground that there has been an election of remedies made by the plaintiffs and they are estopped from proceeding with their cases by reason of the fact that they have elected and made a choice for entry of judgment for single damages." The trial court granted the defendant's motion for judgment, Martin v. Mazziotti, 17 N.J. Super. 302 (Cty. Ct. 1952), and the resulting judgments were affirmed by the Appellate Division Martin v. Mazziotti, 20 N.J. Super. 503 (1952).
After certification granted, the Supreme Court reversed, holding that the judgments for the plaintiffs for "single damages" did not preclude the plaintiffs from proceeding to trial to prove their claims for multiple damages, and that application of Rule 3:56-4 (now R.R. 4-58) justified "an order or judgment as to the fact of the existence of *420 rent overcharges * * * and the trial court's duty was to enter an order showing that the amounts of the overcharges were uncontested although the plaintiffs' claim to greater damages was in dispute. We construe the order for judgment for the plaintiffs * * * to be in effect a substantial compliance with this rule as so interpreted" (by the comments on the Tentative Draft, supra). The court went on to say that its interpretation and application of Rule 3:56 were in accord with determinations of federal courts under Rule 56 of the Federal Rules of Civil Procedure, which was the pattern on which our Rule 3:56 was drawn.
The Supreme Court then stated that plaintiffs' judgment was interlocutory but defendant's judgment was a final judgment, constituting a final determination of the entire cause, or causes, of action and since there were outstanding issues of fact in dispute as to the quantum of damages, defendant's judgment was not warranted under Rules 3:56-3 and 3:56-4. The court thereupon permitted the interlocutory judgment for plaintiffs to stand, construed under Rule 3:56-4 as judgments settling the issue of violation of the Housing and Rent Act of 1947, and as an order settling the minimum amount of damages as to which there was no controversy, the final amount of damages to be determined in further proceedings in the County Court upon remand.
In view of the foregoing, judgment may not here be entered in plaintiffs' favor for a part of their claim or claims, even though defendant by the deposition of its assistant secretary has admitted there is due a certain lesser sum or sums on said claim or claims. Then, too, while the item for $5,000, which is the subject matter of the fifth and sixth counts of the complaint, is conceded by both parties to be due on the bank building construction job, and while R.R. 4:55-2 permits entry of final judgment upon one claim in a suit which is predicated upon more than a single claim, this rule may not here be applied since the said $5,000 constitutes part of the $55,400 which *421 defendant contends is the total sum due under the terms of the agreement of accord of March 17, 1960 now in dispute.
Plaintiffs' motion for partial summary judgment in the amount of $55,400 or, in the alternative, in the amount of $38,000 is denied.
In accordance with the provisions of R.R. 4:58-4, an order will be entered that the following are considered established for trial of the case:
(1) For purposes of this suit, the parties have stipulated defendant will be considered to have ordered the work on and to own all three of the buildings constructed or renovated.
(2) All work contracted for by the parties hereto has been satisfactorily completed and defendant has paid $50,000 on account thereof.
(3) Plaintiffs contend, by written contract dated September 11, 1959 or on quantum meruit, the total price, including extras, for the construction of the post office building at Saddle Brook, N.J., is $98,700, and there is due thereon a balance of $48,700. Defendant contends and admits the total price or value thereof is $65,000 and there is due thereon a balance of $15,000.
(4) Plaintiffs contend, by oral contract or quantum meruit, the total price, including extras, for renovation of the Lodi branch of the Saddle Brook bank is $36,228.65, and nothing has been paid thereon. Defendant contends and admits the total price or value thereof is $18,000, and admits said $18,000 is due plaintiffs.
(5) Both parties agree a balance of $5,000 is due and payable on account of the construction of the bank building at Saddle Brook.
(6) Plaintiffs seek rescission of the memorandum agreement of March 17, 1960 on the grounds of misrepresentation and lack of consideration; defendant contends such compromise accord agreement is valid and binding, and, if so, defendant will pay plaintiffs the sum of $55,000 in accordance therewith and in full satisfaction of all claims.
*422 (7) Plaintiffs' claims aggregate $89,928.65; defendant admits $38,000 thereof.
(8) The status of the note for $55,400, dated July 19, 1960, set forth in the eighth count of the complaint, and which defendant claims was issued pursuant to the accord agreement of March 17, 1960, and that of a note dated October 31, 1960 for $55,000, which defendant contends was issued to plaintiffs as an extension of and replacement for the note of July 19, 1960, are to be determined at the trial.
This matter will be set down for an early pretrial conference to further establish the issues and any other facts not in controversy.