164 N.J. Super. 338 (1978)
396 A.2d 357
PETER A. LEONARDIS, MARY A. LEONARDIS, MARVIN L. RUBIN, JOYCE RUBIN, STANLEY GOLDBERG, KENNETH SCHEIHOFER, GARY W. PARIS, VIRGINIA PARIS, MYRNA LOPAT AND SHERMAN LOPAT, ON BEHALF OF THE TOWNSHIP OF UNION, A MUNICIPAL CORPORATION, IN THE COUNTY OF UNION, IN THE STATE OF NEW JERSEY, PLAINTIFFS-RESPONDENTS,
v.
ROBERT BUNNELL, BUNNELL BROS., INC., ALTON VAN HORN, HENRY H. KAGEL, HUGO C. BIERTUEMPFEL, LEONARD ZEHNBAUER, INC., LAWRENCE SCHRECK, JAMES P. GENOVESE, WILLIAM HEBEL, MAX SEROTA, BURTON CO., INC., EUGENE M. ECKLUND AGENCY, UNITED POLICYHOLDERS SERVICE CORP., RICHARD DREHER, JR., WILLIAM BAUER, JR., KOLOMON KISS, EUGENE ECKLUND, JOHN S. ZIMMERMAN, JAMES C. CONLON, ANTHONY RUSSO, ROBBERT R. LACKEY, ROY KITCHELL, SAMUEL L. RABKIN, JOHN YACOVELLE AND REV. WILLIAM F. STATON, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 5, 1978.
Decided December 19, 1978.
*340 Before Judges HALPERN, ARD and ANTELL.
Mr. Paul R. Williams, Jr. argued the cause for appellant, Bunnell Bros., Inc. (Messrs. Williams & Flynn, attorneys).
Mr. Lawrence Friedman argued the cause for respondents.
PER CURIAM.
This is an appeal by Bunnell Bros. Inc. (Bunnell) from a summary judgment entered on March 7, 1977 in favor of plaintiffs and against Bunnell only. A partial summary judgment had been previously entered on January 26, 1977 in favor of plaintiffs and against Bunnell for $59,186.52. However, when Bunnell moved for reconsideration of the partial summary judgment, and for other relief, the trial judge by his March 7, 1977 order (a) denied the request to reconsider; (b) permitted Bunnell to file a cross-claim against all the codefendants, and (c) designated his January 26, 1977 order as a final judgment pursuant to R. 4:42-2.
At the outset we deem it essential to point out that when a judgment does not dispose of all the issues between all the parties, the trial judge should not designate it as a final judgment under R. 4:42-2 unless he determines there is no just cause for delay. His conclusory statement that it is a final judgment, when in fact it is interlocutory, will not turn an otherwise partial summary judgment into a final judgment. Rendon v. Kassimis, 140 N.J. Super. 395, 398 (App. Div. 1976); see also "Interlocutory Appeals," 92 N.J.L.J. 161 (1969) by then Appellate Division Judge (now Justice) Sullivan. Furthermore, it is essential for purposes of review by this court that the trial judge spell out his reasons for utilizing R. 4:42-2. However, in order to avoid further delay of this suit which was commenced more than three years ago, we will grant leave to appeal nunc pro tunc and dispose of the merits.
*341 Plaintiffs are taxpayers of Union Township who were given permission under N.J.S.A. 2A:15-18 to sue defendants on behalf of the township. Defendant Bunnell is an authorized insurance agent and broker. Defendants are either insurance agents and brokers, or former and present members of the township committee.[1]
The thrust of plaintiffs' amended complaint (they had originally sued Robert Bunnell individually only) was that the members of the Township Committee had entered into a "covert arrangement" with Bunnell for the period between 1961 and 1974 whereby the Township's insurance business would be written by Bunnell but that the commissions collected by Bunnell would be shared with some of the defendants who were insurance agents "secretly selected" by individual members of the Township Committee. The complaint further charged that this practice was illegal and against public policy, and resulted in "overcharges to the Township of Union and the dissipation of municipal funds." Plaintiffs sought a judgment declaring the arrangement to be illegal, void and against public policy, and they requested that the township be reimbursed by defendants for all moneys to which it was entitled.
Bunnell filed an answer and counterclaim wherein it denied the allegations of the complaint and denied any wrongdoing. By way of separate defenses it pled, among other defenses, the statute of limitations, laches, waiver and lack of standing. By way of counterclaim it charged plaintiffs with malicious abuse of process, and sought compensatory and punitive damages.
Plaintiffs moved for summary judgment against all defendants, and Robert Bunnell moved for a dismissal of the complaint. As previously indicated, plaintiffs' motion was granted as to Bunnell but denied as to the remaining defendants which included Robert Bunnell. There is nothing in *342 the record to show whether Robert Bunnell's motion was argued or what disposition was made of it. Nor do we know whether Bunnell filed cross-claims against the codefendants, as authorized by the March 7, 1977 order. We do know that disposition of all remaining issues was held in abeyance pending this appeal.
The narrow legal issue presented here is whether summary judgment was properly granted. The standards applicable to such motions are succinctly set out in United Advertising Corp. v. Metuchen, 35 N.J. 193 (1961), thusly:
Although it must be recognized that the summary judgment procedure has a needful place in our judicial system as a protection "against groundless claims and frivolous defenses, not only to save antagonists the expense of protracted litigation but also to reserve judicial manpower and facilities to cases which meritoriously command attention," Robbins v. Jersey City, 23 N.J. 229 (1957), sight should never be lost of the fact that such procedure is no substitute for a full plenary trial. Battle v. General Cellulose Co., 23 N.J. 538 (1957). Only where it is palpably disclosed that there is no genuine issue of fact and the movant is entitled to a judgment as a matter of law should the motion be granted, R.R. 4:58.[2] It is the movant's burden to exclude any reasonable doubt as to the existence of a genuine issue of material fact. All inferences of doubt are drawn in favor of the opponent of the motion. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954); Frank Rizzo, Inc. v. Alatsas, 27 N.J. 400 (1958). [at 195-196]
We have reviewed this entire record with these principles in mind and find that the record made on the motion for summary judgment was exceedingly sparse and was inadequate for a decision upon the merits by the trial judge. Anderson v. Sills, 56 N.J. 210, 215 (1970). The following factual issues, as examples only and not by way of limitation, were presented by the pleadings and should not have been decided by summary judgment: (a) the circumstances surrounding Bunnell's initial appointment in 1961 as the township's insurance agent  was it done collusively by covert arrangement, or was it public knowledge; (b) did *343 the alleged wrongful conduct result in the township's being overcharged for the insurance coverage it received; (c) did the insurance agents, other than Bunnell, perform any services with respect to the insurance as issued over the years, and (d) what facts did the judge rely on to conclude that Bunnell was legally responsible but not Robert Bunnell individually, the township committeemen or the other insurance agents.
Nor does the record reveal what facts the trial judge relied upon to reach his legal conclusions that the separate defenses were not applicable. As an example only, he concluded that the statute of limitations had no application because the limitation period "does not begin to run until those facts are given general publicity." We are not told whether he considered the complaint to sound in contract or tort. He applied the so-called "discovery rule" enunciated in Lopez v. Swyer, 115 N.J. Super. 237 (App. Div. 1971), aff'd 62 N.J. 267 (1973), without holding a hearing as called for in Lopez and without considering the equities involved, and without adequate factual proofs as to when, how and under what circumstances the public had or should have had knowledge of the arrangement with Bunnell.
Similarly, he finds that the Right to Know Law (N.J.S.A. 10:4-1 et seq.), now the Open Public Meetings Law (N.J.S.A. 10:4-6 et seq. became effective in January 1976), was violated but does not point to the facts which would support that conclusion.
In short, there were too many factual issues that remained open and unproven on the inadequate record presented to warrant the legal conclusions reached by the summary judgment route in this important suit involving the public and its officials. Jackson v. Muhlenberg Hosp., 53 N.J. 138, 142 (1969). In summary, the findings below that what had occurred here was a clear violation of public policy are not supported by the record.
Reversed and remanded for a plenary trial on all issues.
NOTES
[1] The claims against some of these defendants were dismissed for lack of prosecution by an order dated January 3, 1977.
[2] Now R. 4:46.