ELI B. HALPERN, M.D., P.A. PENSION TRUST, ELI B. HALPERN, M.D., P.A., PROFIT SHARING TRUST AND ELI B. HALPERN, M.D., TRUSTEE, PLAINTIFF, v. PHILIP B. TANNENBAUM AND RUTH TANNENBAUM, HIS WIFE, NEW YORK ASSOCI-ATES LIMITED PARTNERSHIP KENTUCKY, A LIMITED PARTNERSHIP & RONBOB, INC., DEFENDANTS.

Superior Court of New Jersey
Law Division Burlington County

Decided September 9, 1985.

*Henry J. Tyler* for plaintiffs (*Henry J. Tyler*, attorney).

*David Novack* for defendants (*Novack and Trobman*, attorneys).

HAINES, A.J.S.C.

Halpern and others have sued Tannenbaum and his fellow defendants for monies loaned and now move for summary judgment. No defenses were raised as to the plaintiffs' claim (except contentions regarding interest, which are not material for present purposes). However, the defendants have filed a counterclaim for damages resulting from the late delivery of loan documents from plaintiffs to defendants with respect to a transaction unrelated to the plaintiffs' claim. The counterclaim is contested and cannot be the subject of a summary judgment. The defendants argue that a final summary judgment cannot or should not be entered for the plaintiffs until the counterclaim has been adjudicated, or, alternatively, that execution on any such judgment, if entered, should be stayed.

The New Jersey courts have not addressed these issues, unless *Elliot-Lewis Corp. v. Graeff,* 11 *N.J.Super.* 567 (Law Div.1951), may be so considered. In that case, a summary judgment was entered in favor of the plaintiff for money damages while a counterclaim survived. The court enjoined the plaintiff "from taking any steps to secure satisfaction of its summary judgment until after the counterclaim is tried and the

issues therein determined." *Id.* at 570. There was no explanation for this ruling.

Our Civil Practice Rules do not require this result. An earlier version of those Rules prevented the entry of judgment on the admitted portion of a particular claim in suit when the balance of the claim was denied. *R.R.* 4:58–4; *Paolocci v. 358 Market Street, Inc.*, 66 *N.J.Super.* 411 (Law Div.1961). *R.R.* 4:58–2 however, permitted the entry of a final judgment on a claim, no part of which was disputed. *Id.* at 420. Our present Rules permit the entry of a final summary judgment in both circumstances. *R.*4:46–2 now provides:

> ... A summary judgment or order, interlocutory in character may be rendered on any issue in the action (including the issue of liability) although there is a genuine factual dispute as to any other issue (including any issue as to the amount of damages). Subject to the provisions of *R.* 4:42–2 (judgment upon multiple claims), a summary judgment final in character may be rendered in respect of any portion of the damages claimed.

*R.* 4:42–2 provides:

> In any action the trial court may direct the entry of final judgment upon less than all of the claims as to all parties only upon a complete adjudication of a separable claim or upon complete adjudication of all of the rights and liabilities asserted in the litigation as to any party, or where a partial summary judgment or other order for payment of part of a claim is awarded. In any such case, a final judgment shall be entered only upon the trial court's certification that there is no just reason for delay. In the absence of such direction and determination any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.

It is therefore apparent that in New Jersey, a counterclaim does not bar the entry of a summary judgment, which may be a final judgment if the court so certifies. The fact that plaintiffs are entitled to the entry of summary judgment in the amount of $74,116.17 ($64,471.88 principal plus $9,644.29 interest) is clear. They are also entitled to counsel fees in an amount to be fixed. The question is whether that judgment should be made final by certification of the court or whether some in-between treatment of the judgment is permissible. The counterclaim cannot be dismissed in response to the plaintiff's summary judgment

motion and must be tried. It cannot be characterized as sham. In the event the defendants succeed in obtaining a judgment on their counterclaim, it cannot be determined whether it will be less than the amount of the plaintiffs' judgment. Insufficient facts have been presented for that purpose.

Plaintiffs' judgment is based upon a simple loan transaction evidenced by a promissory note secured by a mortgage. No defense to the claim based upon the note has been raised. Under these circumstances, plaintiffs, except for the existence of the unrelated counterclaim, would be entitled to a final judgment upon which they could obtain execution. At the same time, the defendants, while lacking a defense to the entry of judgment for the plaintiffs on the note, are entitled to setoff the amount of any recovery on the counterclaim against that judgment, leaving the final amount thereof in question. *Beneficial Finance Co. of Atlantic City v. Swaggerty*, 86 *N.J.* 602 (1981). Certification of the plaintiffs' summary judgment as final commences the 45-day time for appeal running. The counterclaim may not be resolved within that time. It is not in the interest of the parties, or the appellate courts, that an appeal be taken in a matter of this kind until all issues have been determined. *Leonardis v. Bunnell*, 164 *N.J.Super.* 338 (App.Div.1978), certif. den. 81 *N.J.* 265 (1979). On the other hand, a judgment which is not final does not create a lien upon the real property of the defendants. *Newstead Bldrs. v. First Merchants Nat'l. Bank*, 146 *N.J.Super.* 295 (App.Div.1977). Logically, therefore, only a final judgment may be the subject of a writ of execution. *Pressler, Rules Governing the Courts of the State of New Jersey*, *R.* 4:59–1(a), *Comment* 2, citing *Newstead*, which concludes: "a judgment or order will not constitute a lien or be otherwise susceptible to execution unless final and for a sum certain." The defendants here urge the stay of any execution on the summary judgment. If a stay is granted, it permits the disposition of assets and the prospect that the judgment will be uncollectible. Can a middle ground be discovered?

The existence of a middle ground has not been considered in this jurisdiction, or elsewhere. Other jurisdictions have provided diverse treatment of the counterclaim issue. Some distinguish between a permissive and a compulsory counterclaim. The federal practice discussed in J. Moore, *Moore's Federal Practice*, ¶ 56.17 [15] (2d ed.1976), notes:

> Under original Rule 54(b) the trial court was not authorized to enter a judgment until it had disposed of both a claim and a compulsory counterclaim; although it could enter separate judgments where the counterclaim was permissive, and in the event a separate judgment was entered, the court could stay its enforcement until the entry of the other judgment.

That Rule has been changed to permit the entry of final judgment, regardless of the nature of the counterclaim, provided the court determines that there is "no just reason for delay," thus paralleling *R.* 4:42-2. *Federal Rule* 62(h) provides added flexibility:

> When a court has ordered a final judgment under the conditions stated in Rule 54(b), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor judgment is entered.

We have no comparable rule in New Jersey.

Other jurisdictions have considered the summary judgment-counterclaim issue with various results. In *Tipton v. Hardan*, 128 *Ga.App.* 517, 197 *S.E.*2d 746 (Ga.Ct.App.1973), it was held that the presence of a meritorious counterclaim is an insuperable objection to summary judgment where the counterclaim exceeds the amount demanded in the complaint. In *Dalminter v. Dalmine*, 28 *App.Div.*2d 852, 288 *N.Y.S.*2d 110 (N.Y.App. Div.1968), it was held that partial summary judgment could be entered but that a stay of execution would be granted until all issues were resolved. *Associates Financial Services Co. v. Knapp*, 422 *N.E.*2d 1261 (Ind.Ct.App.1981), held that summary judgment could be granted to a plaintiff notwithstanding the existence of a counterclaim greater in amount than the plaintiffs' demand when the issues involved in the complaint and the counterclaim were severable and distinct. *Engebregson v. Bank of Nevada*, 92 *Nev.* 548, 554 *P.*2d 1121 (1976), held that

summary judgment could be given for plaintiff in the face of a counterclaim based upon an unrelated transaction. In *Mock v. Canterbury Realty Co.*, 152 *Ga.App.* 872, 264 *S.E.*2d 489 (Ga.Ct.App.1980), it was held that the pendency of the counterclaim did not bar the entry of judgment for the plaintiff; the opposing claims were not related. *Manchester Mem. Hosp. v. Whitney*, 6 *Conn.Cir.Ct.* 212, 269 *A.*2d 300, petition den. 158 *Conn.* 667, 259 *A.*2d 648 (1969), held that a counterclaim relating to the principal cause of action would bar a summary judgment but not otherwise. Cases are collected in *Annotation, Proceeding for Summary Judgment as Affected by Presentation of Counterclaim*, 8 *A.L.R.*3d 1361.

Our Rules provide for mandatory and permissive counterclaims. *R.* 4:7–1 states that "a pleading may state as a counterclaim, any claim against the opposing party whether or not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." *R.* 4:27–1(b) states: "Each party to an action shall assert therein all claims which he may have against any other party thereto so far as may be required by application of the entire controversy doctrine." The permissive-mandatory distinction is not controlling in view of *R.* 4:46–2. It is, however, entitled to consideration. *Moore*, for example, notes:

> In the ordinary case, there will be less reason for deferring judgment on a claim until determination of a permissive counterclaim, or vice-versa, than when a compulsory counterclaim is involved. Although the amended rule gives the power, it will probably be a rare case in which the court will find it advisable to enter a final, appealable judgment on a claim or compulsory counterclaim prior to judgment on the other side of the case. . . .

This requires an analysis of the instant counterclaim.

The parties were involved in on-going business transactions. A number of loans were made from plaintiffs to defendants. Negotiations involving all loans resulted in an understanding that the loan documents which form the basis of the defendants' counterclaim were to be returned as part of the overall bargain. Consequently, the claim for damages for failure to make a prompt return of the loan documents had to be asserted

by counterclaim or lost since it was subject to "the entire controversy" doctrine. That doctrine requires that "a defendant must assert all matters which will defeat a claim against him and a plaintiff must seek complete relief for vindication of the wrong he charges." *Applestein v. United Board and Carton Corp.*, 35 *N.J.* 343, 356 (1961). The history and policy of the doctrine are set forth in *Mori v. Hartz Mountain Development Corp.*, 193 *N.J.Super.* 47, 52–53 (App.Div.1983). In *Wm. Blanchard Co. v. Beach Concrete Co.*, 150 *N.J.Super.* 277 (App.Div.1977), Judge Pressler set forth the test:

> ... an evaluation must be made of each potential component of a particular controversy to determine the likely consequences of the omission of that component from the action and its reservation for litigation another day. If those consequences are likely to mean that the litigants in the action as framed, will, after final judgment therein is entered, be likely to have to engage in additional litigation in order to conclusively dispose of their respective bundles of rights and liabilities which derive from a single transaction or related series of transactions, then the omitted component must be regarded as constituting an element of the minimum mandatory unit of litigation. [at 293–94]

In view of the mandatory nature of the counterclaim and the uncertainty as to whether, if it is successful, it will eclipse or merely diminish the plaintiffs' judgment, it is my conclusion that no final judgment should be entered for plaintiffs. Their summary judgment must therefore be interlocutory. However, they may be able to show a need for securing that judgment. For example, it may be shown that the amount claimed in the counterclaim is substantially less than the amount of the summary judgment and that assets may be dissipated by the defendants before the counterclaim can be resolved. If so, this court should consider a revision of its interlocutory order. Its power to do so is explained in *Ford v. Weisman,* 188 *N.J.Super.* 614 (App.Div.1983):

> ... we hold that the principle of finality of judgments does not prevent a trial court from granting relief from its interlocutory orders upon a change in the governing law before litigation ends. During this time, the trial court has complete power over its interlocutory orders and may revise them when it would be consonate with the interests of justice to do so. [at 619]

This approach permits the employment of a middleground for relief. If plaintiffs prove a need to secure their judgment, this

court may issue a restraining order preventing defendants' alienation of assets. It may make the interlocutory judgment a lien upon real property by virtue of the restraint and may do the same with respect to personal property, providing for a levy or such other procedure as may be appropriate. In short, the court may give the interlocutory judgment an effect similar to a final judgment upon which execution can issue without thereby making it appealable and without preventing a setoff when and if the defendants prevail upon their counterclaim. This resolves appellate courts' concerns about the improvident certification of a judgment as final, *DiMarino v. Wishkin*, 195 *N.J.Super.* 390, 394–95 (App.Div.1984), while providing plaintiffs with deserved security. The remedy is flexible and equitable. It satisfies the requirement of *R.* 4:42–2 that "a final judgment shall be entered only upon the trial courts' certification that there is no just reason for delay." There is no just reason for delaying an opportunity to secure the judgment, if appropriate facts are produced. The counterclaim, however, provides a just reason for denying entry of a final *appealable* judgment.